## CHARLES CARROLL *vs* ROBERT O. RIDGAWAY.

Where testimony is offered for *several* purposes and is admissible for any *one* of them a *general* objection to it will not be sustained, such an offer being regarded as a *general* offer.

Where a defendant, speaking in relation to the services of the plaintiff about a certain mill, said, "that as the mill had turned out unprofitably he thought plaintiff would not charge him anything, and that he did not think his charge ought to be more than at the rate at which plaintiff's brother had charged," it is a sufficient admission to relieve the claim for such services from the bar of the statute of limitations.

Where a book in the handwriting of the plaintiff, purporting to contain an account between the parties, was produced by defendant, in pursuance of notice served on him by the plaintiff, the former is entitled to use it in evidence as any other memorandum of the plaintiff relating to their dealings.

A prayer that a claim is barred by limitations unless the jury find an assumption or promise by defendant within three years before bringing suit for the services rendered, correctly announces the law and should be granted.

APPEAL from the Circuit Court for Anne Arundel county.

*Assumpsit* by the appellee against the appellant for services rendered and money advanced, laid out and expended, at defendant's request. On demand a bill of particulars was furnished and filed. Pleas, *non assumpsit* and *limitations.*

1*st Exception.* The plaintiff after giving evidence of the services rendered by him to the defendant at Poplar Island, offered the testimony of William S. Ridgaway in regard to the admissions of the plaintiff, which is fully set out in the opinion of this court. The defendant then offered the testimony of

Carroll *vs.* Ridgaway.

Sherwood and the other proof stated in the opinion of this court. The plaintiff then offered in evidence a letter from defendant to plaintiff, dated the 1st of February 1847, for the purpose of rebutting the evidence of Sherwood as to the admission of the plaintiff touching the indebtedness of $200, and for the purpose of corroborating the testimony of William S. Ridgaway, that said admission of the plaintiff, proved by Sherwood, was in reference to a balance of rent due for the year 1846. (The contents of this letter are sufficiently stated in the opinion of this court.) To the admissibility of this letter for said purpose the defendant objected, but the court, (Brewer, J.,) overruled the objection and permitted the letter to be read to the jury. To this ruling defendant excepted.

*2nd Exception.* Upon the evidence thus offered the defendant offered his *first* prayer, that if the jury find that plaintiff rendered the services in the account in this case more than three years before bringing this suit he is not entitled to recover, though they may find that defendant said to William S. Ridgaway in June 1850, that as the mill turned out unprofitably he thought Robert, (the plaintiff,) would not charge any thing; that if the mill had turned out profitably, he, (defendant,) would have been willing to pay a good salary; he thought that Robert's charge ought not to be more than $300; that he would not be willing to pay Robert more than the rate allowed to Socrates. This prayer the court rejected and defendant excepted.

*3rd Exception.* In addition to the testimony of Ridgaway contained in the first exception, this witness,, upon his examination-in-chief, stated that defendant said "that as the mill turned out unprofitably he thought Robert, (the plaintiff,) would not charge him anything, but if the mill had turned out profitably, he, (defendant,) would have been willing to pay a large salary, but-if Robert, (the plaintiff,) was entitled to anything he ought not to charge more than was allowed to Socrates Ridgaway for his services, which was at the rate of $300 per year, and that he, (defendant,) would not be willing to allow more than that rate." After the witness had given his testimony, as above stated, he corrected it by saying that defend-

ant's declaration was, as it is stated in defendant's first prayer.

The defendant then offered the following additional prayers:

2nd. (This prayer is the same as that contained in the second exception.)

3rd. That there is no evidence in this case to take it out of of the statute of limitations, except so far as services in relation to the saw-mill are concerned.

4th. If the jury find that the services sued for in this case were rendered by plaintiff to defendant more than three years before the bringing of this suit, then he is not entitled, under the pleadings, to recover for such services, unless they further find from the evidence, an assumption or promise by the defendant, within three years before the bringing of this suit, to pay for said services.

5th. If the jury find, that in June 1850, defendant said to William S. Ridgaway as *first stated* by this witness, and as is set out in the commencement of this exception, then such declaration or admission by defendant is not sufficient to remove the bar of the statute of limitations.

The court rejected each of these prayers and to this ruling the defendant excepted.

*4th Exception.* Under notice given by the plaintiff to defendant to produce all the accounts and vouchers furnished to defendant by the plaintiff, defendant at the trial produced and delivered to the plaintiff's counsel the accounts referred to in the first exception, and also a little book marked C, containing accounts. The plaintiff's counsel took this book, and after examining it presented it to William S. Ridgaway, a witness for the plaintiff, then under examination, and asked him if this book and the account therein were the same that he saw in the possession of defendant in June 1850. The witness answered, that it was not, that though the account which he saw was in a book, it was a larger book and did not contain more than one account; that the entries in this book were in the handwriting of the plaintiff. The defendant then offered to read said book and account as evidence to the jury. To this the plaintiff objected, which objection the court sustained, and the defendant excepted, and the verdict and judgment being against him, appealed.

Carroll *vs.* Ridgaway.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Charles H. Pitts* for the appellant, argued:

1st. As to the question of *limitations:* The declaration and statement of defendant, as proved by William S. Ridgaway, did not amount to an admission of a present subsisting debt, and was not sufficient to remove the bar of the statute. 1 *H. & G.*, 204, *Oliver vs. Gray.* 4 *G. & J.*, 509, *Frey vs. Kirk.* 1 *Gill*, 172, *Duvall vs. Peach.* There must be a promise, or an acknowledgment such as to imply a promise, of a subsisting debt. " *If he is entitled to anything,*" is not an admission of a debt; it does not come within the rules laid down in the cases of *Oliver vs. Grey* and *Frey vs. Kirk.* But conceding that the testimony, if believed by the jury, was sufficient to remove the bar of the statute, still there can be no objection to our fourth prayer, and it should have been granted.

2nd. As to the *admissibility of the letter:* The letter was offered for *two specified purposes*, and if inadmissible for *those purposes* it should have been rejected, though it might have been admissible *generally.* 5 *Md. Rep.*, 211, *Keller vs. Donnelly.* 6 *G. & J.*, 487, *Goodhand vs. Benton.* 3 *Do.*, 435, *Sothoron vs. Weems.* Now there was nothing in this letter, as we understand it, which either rebutted the testimony of Sherwood or corroborated that of William S. Ridgaway. Not being admissible for these purposes, and not having been offered generally, it should have been rejected.

3rd. As to the admissibility of the book C: It was in the handwriting of the plaintiff and was produced under notice from him, and was examined by his counsel and produced to a witness on the stand. Papers produced under notice are made evidence for both parties, if the party calling for them examines them so as to become acquainted with their contents. 2 *Tidd*, 804. *Evans' Pr.*, 293. 1 *Greenlf. on Ev.*, sec. 593, and cases there cited. 2 *Wash. C. C. Rep.*, 482, *Jordan vs. Wilkins.* 1 *Cushing*, 33, *Commonwealth vs. Davidson.* 16 *Maine*, 225, *Penob. Boom. Corp. vs. Lamson.* 8 *Smedes &*

*Mar.,* 362, *Anderson vs. Root.* 7 *Car. & Payne,* 386, *Calvert vs. Flower.* 1 *Harrington,* 233, *Randel vs. Ches. & Del. Canal Co.*

*William H. G. Dorsey* and *Thomas G. Pratt* for the appellee, argued:

1st. As to *limitations:* The admissions of the defendant, as proved by the witness, William S. Ridgaway, were sufficient to remove the bar of the statute. Where a party *admits* an indebtedness, or the rendition of services, it takes the case out of the statute, unless he states an excuse which, *if true,* would exonerate him. 2 *G. & J.,* 301, *Keplinger vs. Griffith.* 7 *Gill,* 44, *Carter vs. Cross.* 4 *Do.,* 205, *Brookes vs. Chesley.* Whether the admissions of the defendant, as proved, amounted to an assumption or promise to pay, was a question solely for the court; the *fourth* prayer therefore was erroneous, because it left this question—a question of law—to the jury. See also upon the subject of what admissions will take a case out of the statute: 1 *H. & G.,* 204, *Oliver vs. Gray.* 6 *Gill,* 82, *Guy vs. Tams.* 7 *Do.,* 85, *Ellicott vs. Nichols.* 5 *Md. Rep.,* 376, *Mitchell vs. Sellman.*

2nd. As to the *letter:* Its *general admissibility* is conceded. We say it was also admissible for *both* the purposes for which it was offered, *viz.,* the purpose of rebutting the evidence of Sherwood in relation to the plaintiff's admissions about his indebtedness of $200, and to corroborate that of Ridgaway, whose credibility had been assailed by the defendant. If admissible for *either* of these purposes the court was right in overruling a *general* objection to its admissibility. 7 *Md. Rep.,* 606, *Pegg vs. Warford.*

3rd. As to the *book:* The court below was right in refusing to permit it to be read to the jury. 1st. Because the plaintiff never offered it as evidence to the jury. 2nd. Because if he had desired it the defendant was at liberty to have offered it himself, it having been proved to be in the handwriting of the plaintiff. 3rd. Because this exception does not disclose the fact, that the book contained any accounts between the plaintiff and defendant relating to the subject matter of this contro-

versy. 1 *Esp.*, 209, *Sayer vs. Kitchen.* 7 *Sergt. & Rawle,* 14, *Withers vs. Gillespy.* 1 *Johns.*, 395, *Kenny vs. Van Horne.*

Le Grand, C. J., delivered the opinion of this court.

This is an action of *assumpsit*, instituted by appellee, to recover compensation for services alleged to have been rendered to the appellant, and for money laid out and advanced for him at his request. Issue was joined on the pleas of *non assumpsit* and limitations. In compliance with a demand for a bill of particulars, the appellee furnished the one in the record.

The plaintiff, after giving evidence of the services, &c., rendered by him at Poplar Island, proved by William S. Ridgaway, "that in June 1850, the defendant, in company with James Smith and James Treakle, came to Poplar Island, and that during said visit, defendant exhibited to witness various accounts and vouchers referring to plaintiff's and defendant's affairs; that one of said accounts was in a book, that all the charges were together and all the credits were together, forming one general account; that the last item on the debit side of said account was for services, but no amount was extended; that independent of said item for services, there appeared to be a balance in favor of plaintiff of about $70 or $80, which Col. Carroll said was right. One of the credits upon said account was the rent of the farm for 1849; the plaintiff said in relation to the item for services, that as the mill had turned out unprofitably, he thought Robert, the plaintiff, would not charge him anything; that if the mill had turned out profitable, he would have been willing to pay a large salary; that there was a charge in said account for money paid to Socrates Ridgaway for services in attending to the saw-mill, &c., which was at the rate of $300 per year; that defendant said that charge was right, and that he did not think Robert's charge ought to be more than at that rate, and that he, defendant, would not be willing to pay plaintiff more than at the same rate paid Socrates Ridgaway." After the introduction of this testimony, the defendant proved certain accounts, which were offered in evidence, to be in the handwriting of the plaintiff, and also that the wit-

ness, William S. Ridgaway, had said to persons, who testified to the fact, that the plaintiff, while in charge of the farm at Poplar Island, had managed things badly.   In addition to this testimony, the defendant proved by J. T. Sherwood, that in the fall of 1849, in October or November, and a very short time before plaintiff gave up the farm on Poplar Island, he was called upon by plaintiff to act as arbitrator in the settlement of some difference between the plaintiff and his mother; that upon that occasion, the plaintiff stated to witness that he, the plaintiff, was then indebted to defendant to the amount of $200; that the said witness' impression is, that it was on account of rent; that said plaintiff stated, that he has paid the defendant $200, and that there was at that time a balance of $200 due defendant, and that the said witness and the other arbitrator allowed plaintiff to retain a quantity of wheat to pay said balance; the said witness also proved, that said plaintiff did not, to his knowledge, state that the said balance of $200 was due defendant on account of rent for the farm for the year 1846." After this testimony, the plaintiff recalled the witness, W. S. Ridgaway, who proved, " that he was present at the conversation between the plaintiff and Sherwood, and that said plaintiff said that the said sum of $200 was due to defendant on account of rent for 1846, and that the plaintiff had not paid any of the rent for 1846, and that on the said account examined by Col. Carroll, in June 1850, there was a credit for this $200 for rent for 1846."

The plaintiff then offered in evidence a letter from the defendant to the plaintiff, dated the first day of February 1847, " for the purpose of rebutting the evidence of Sherwood as to the admission of the plaintiff touching the indebtedness of $200, and for the purpose of corroborating the testimony of William S. Ridgaway, that said admission of plaintiff proved by Sherwood was in reference to a balance of rent due for the year 1846."   To the admissibility of the letter in evidence the defendant objected, but the court overruled the objection.   This ruling of the court constitutes the first exception.

The letter contains reference to several matters unimportant to the present inquiry.   The only part having any bearing on

the question now presented is in these words: "I did not want you to pay up the whole rent for the last year, or any arrears, if any, but to keep it to pay for hands cutting wood, shingles, digging well, cutting down timber for the mill, (which should be done in the dark of the moon in February.")

It was competent to the plaintiff to have offered the letter *generally* as evidence in the cause, and to have argued from it before the jury. The distinction between offering evidence *in the cause* and for *a specific* purpose, is recognised in a great number of cases. *Sothoron vs. Weems,* 3 *Gill & Johns.,* 435. *Goodland vs. Benton,* 6 *Gill & Johns.,* 481. *Keller vs. Donnelly,* 5 *Md. Rep.,* 271. Whether or not the letter of the defendant was competent evidence to rebut the testimony of Sherwood, it certainly was admissible to corroborate that of Ridgaway; and in the case of *Pegg, et al., vs. Warford,* 7 *Md. Rep.,* 606, this court held, that where testimony is offered for *several* purposes and it be admissible for any one of them, a general objection will not be sustained, such an offer being regarded as a *general* offer, and as such, is good. In the case last alluded to, this court said: "But it has been said, that as this evidence was received for all or either of the three purposes for which it was offered, unless it was legally applicable to each, the jury might have been misled and applied it to one of the purposes to which it did not relate. To avoid such a result, it was the duty of the counsel objecting to have pointed out specifically the purpose to which the testimony had no legal application, and to ask its exclusion for such purpose." We think the court properly overruled the objection.

The defendant presented five prayers, all of which were rejected. Their rejection constitutes the second and third bill of exceptions. All these prayers relate to the plea of limitations, and were, with the exception of the fourth, in our opinion, properly rejected.

With the exception of the fourth, they are founded on the hypothesis, that even if the jury believed the testimony of the witness, William S. Ridgaway, but also believed the services were rendered more than three years before the institution of this suit, then there was no evidence to take the case out of

the statute. Some of the prayers apply to the whole claim; some to all of it but the services bestowed on and about the mill; and others to the supposed want of proof of assumption of debt or promise to pay.

The evidence of the witness, Ridgaway, if believed by the jury, was sufficient to relieve the case from the bar of the statute. The defendant—at least so far as the testimony of that witness is concerned—not only did not deny, but conceded, the services had been rendered. He thought, and so expressed himself, that the charge was too great, because the mill had not turned out profitably. In other words, he but expressed the opinion, that the charge was too high under the circumstances, and his unwillingness to pay so large a claim. This is the real substance of his conversation, as testified to by the witness.

The fourth prayer ought to have been granted. It merely declared the claim to be barred by the statute, unless the jury should find from the evidence "an assumption or promise by the defendant, within three years before the bringing of this suit, to pay for said services." By rejecting all the prayers of the defendant, the jury were left without any instructions whatever in regard to the law. The fourth prayer of the defendant was, in substance, identical with one held to be good in *Duvall vs. Peach*, 1 *Gill*, 181.

We think the court erred in refusing to allow the book marked "C" to be read to the jury. It was produced, in compliance with a notice served on the defendant by the plaintiff, and was proved to be in the handwriting of the latter. It professed to contain the account between the parties, and the defendant was surely entitled to its use, precisely as he would have been entitled to that of any other memoranda of plaintiff relating to their dealings.

*Judgment reversed and procedendo awarded.*