## Benjamin W. Byers *vs.* George W. Horner.

### EVIDENCE.

*Assault and Battery—Provocation—Exemplary Damages—Res Gestæ—Mitigation of Damages—Prayers and Instructions.*

In an action for assault and battery the *animus* of the party assaulting is certainly material, but proof thereof must not be too remote: any acts or declarations, indicative of the existence of malice or ill-will on the part of the defendant towards the plaintiff *at the time of the wrong committed,* may be given in evidence to prove malice.

The rule is well settled that the defendant in mitigation of damages may give in evidence, under the general issue, a provocation by the plaintiff, provided it was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff.

And for the same purpose the defendant may rely on the *res gestæ,* though, if pleaded, it would amount to a justification; and this notwithstanding the general rule that whatever is to be shown in justification must be specially pleaded.

Where proof is offered *generally,* the party offering it is not required to declare the purposes specially for which it is offered, and it would be error to reject it, if admissible for any purpose under the pleadings.

Where proof is offered for a special purpose only, and it be inadmissible for *that* purpose, it will be rejected, even though admissible for another purpose.

Where evidence is offered for several purposes, and it is admissible for any *one* of these purposes, a *general* objection will not be sustained.

Declarations of a third party, made after an act committed, though inadmissible for any other purpose, are admissible to show the feelings and prejudices under which the party testifies concerning that act.

A prayer based upon all the facts of a case and having reference to them, and leaving the jury free to consider all the facts of the case, enumerated in a preceding prayer, and instructing the jury that they are at liberty, if they

shall find a given state of facts, to award such exemplary damages *as the circumstances of the case might in their judgment require,* is a prayer proper to be granted.

In awarding damages in an action for assault and battery the jury are not confined to the mere corporal injury the plaintiff may have sustained: they are at liberty to consider the malice of the defendant, the insulting character of his conduct, the station in life of the several parties and all the circumstances of the outrage.

APPEAL from the Circuit Court for Carroll County.

This was an action of trespass, instituted on the 7th day of July, 1875, by Benjamin W. Byers against Geo. W. Horner, to recover damages for an assault and battery committed by Horner on Byers.

The declaration alleged that the defendant committed the assault with clubs, sticks, &c., inflicting great bodily damage. The defendant pleaded three pleas: 1st, did not commit the wrong alleged. 2nd and 3rd, that the said assault was committed in defence of his daughter. Issues were joined upon these pleas.

*Plaintiff's Exceptions.*—1st. At the trial evidence was offered by the plaintiff giving the details of the assault, proving that there was a difficulty between his (plaintiff's) wife and defendant's daughter, which ended in a scuffle: plaintiff's wife called upon him for assistance: he went and separated the defendant's daughter from his wife: had nothing in his hand at the time: did not use defendant's daughter roughly; shortly afterward he was assaulted by the defendant who charged him (plaintiff) with striking his daughter. After relating his account of the present assault, for which the action was brought, plaintiff's counsel asked witness; "If the defendant had not in the years 1873 and 1874, previously committed several assaults upon the plaintiff or threatened him with assaults?"

To which question objection was made by the defendant, when plaintiff's counsel stated to the Court that he offered the proof for the purpose of showing that the defen-

Byers *vs.* Horner.

dant had hostile feelings towards plaintiff at the time of and prior to said assault on the 30th June, 1875, and that he did not offer the proof to claim damages for any previous assaults; but the defendant objected to the admissibility of said proof and every part thereof, and the Court sustained the objection and refused to allow the proof offered or any part of the same to be given; to which ruling of the Court the plaintiff excepted.

2nd. The defendant to maintain the issues on his part, offered to prove by Fanny Horner, his daughter, and a competent witness, that on the occasion of the alleged assault, the plaintiff and his wife and daughter first assaulted the daughter of the defendant, Fanny Horner, and that the fact of those assaults or of some of them were communicated to the defendant, who thereupon immediately went to the relief and defence of his children, and that as he came in sight of the plaintiff, he was assaulting Bettie Horner, another daughter of the defendant, and that under the influence and feelings produced by the said communications made to him, and of the view of the assault of his daughter Bettie Horner, by the plaintiff, he assaulted the plaintiff; and offered to prove all the facts and circumstances connected with the assault on the plaintiff by the defendant, and all of the facts and circumstances leading to and connected with said assault, for the purpose of showing the character of said assault, and the motive which prompted it, and for all purposes for which they are legitimate and admissible; whether of contradiction, in mitigation or in bar. The plaintiff objected to the admissibility of said proof offered under the pleadings in the cause, and called on the defendant's counsel to state for what purpose the said proof was offered; the defendant's counsel stated that the proof was offered to maintain the second plea and also in mitigation of damages. Whereupon the plaintiff objected to its admissibility under second plea, unless defendant's counsel would state to the Court that he would offer

proof to show that the said proof offered, related to an occurrence taking place at the same time of and immediately connected with the assault and battery complained of in the *narr.;* and the plaintiff objected also to the admissibility of said proof offered in mitigation of damages, unless the defendant's counsel would state to the Court that he would offer proof to show that the alleged assault by the plaintiff and his wife and daughter, upon the witness, and the alleged facts and circumstances of the alleged affray between the said plaintiff and his wife and daughter and the said witness, had not fully ended and terminated prior to the assault and battery of the defendant upon the plaintiff, complained of in the *narr.* But the Court refused to require the defendant's counsel to make any further statement in connection with the proof offered than he had stated as before, and overruled the plaintiff's objections, and permitted the proof offered to be given to the jury; whereupon the plaintiff excepted.

3rd. Evidence was then offered by the defendant proving the matters which he offered to prove, as set out in the second exception, after which defendant's counsel asked defendant the following question: "When you and Byers, the plaintiff, reached Byers' gate, did Mrs. Byers interfere; and if so, state what she then and there said and did, if anything?"

The plaintiff objected to the admissibility of the acts and declarations of Mrs. Byers, and to the questions asked and to the proof offered. But the Court overruled the objection and allowed the question to be put and the proof offered to be given. Whereupon the plaintiff excepted.

4th. In answer to the foregoing question, the defendant proved that when he and plaintiff reached said gate, and Byers, the plaintiff, passed into the same with his horse, defendant stopped at said gate, when the plaintiff's wife called him a son-of-a-bitch, and a hypocrite, and said he

should pay for beating her husband, and that after that no further blows were struck ; whereupon, the plaintiff's counsel moved the Court to strike out the proof given of the said sayings of plaintiff's wife after the ending of said assault and beating, and to instruct the jury not to consider the same, but the Court refused the said motion and refused to strike out said proof. Whereupon the plaintiff excepted.

5th. Another motion was made by counsel for plaintiff to strike out evidence, and overruled by Court. (Sufficiently stated in 4th Exception.)

6th. The plaintiff offered ten prayers and the defendant five: the Court granted the first, third, fourth, seventh and ninth prayers of the plaintiff and rejected the others: and granted the third and fifth prayers of the defendant and rejected the others. To the rejecting of the plaintiff's and the granting of the defendant's prayers, the plaintiff excepted.

The plaintiff's first and second prayers are as follows:

1. The plaintiff, by his counsel, prays the Court to instruct the jury on the pleadings and all the evidence in this case, that if the jury believe from the evidence that on the 30th day of June, 1875, the plaintiff was in the act of leading by a halter a horse over the plaintiff's fence from the land of the plaintiff into the public road or turnpike, for the purpose of taking said horse to the plaintiff's stable, at a distance of between forty and fifty yards from said point at said fence, and that defendant came up behind plaintiff at the time when plaintiff had just stepped over said fence into said road or turnpike, and whilst said horse was passing over said fence and standing on plaintiff's ground, at or near said fence, said to plaintiff, "did you strike my child or daughter," or "you struck my child, did you," or words to that effect, and instantly struck with great force and violence plaintiff on and upon his back and the back part of his left shoulder, with a

stick or pole 5 or 6 feet in length, holding the same in both the hands of the defendant, before the plaintiff had an opportunity to make any reply, and that simultaneously with said blow, or at the same instant that said plaintiff received said blow, plaintiff replied "no sir, I did not strike your child," or words to that effect, and that defendant instantly struck plaintiff another blow with said stick or pole on and upon his said back and shoulder in the same manner with said first blow, and that plaintiff at the same instant repeated his said denial that he had struck the defendant's child, and walked rapidly or run, still holding said halter of said horse, away from defendant, and endeavored to escape from said defendant, and that defendant pursued the plaintiff, and immediately after said second blow struck plaintiff a third blow with said pole or stick, in the same manner with said first blow, and that plaintiff repeated his said denial that he had struck the defendant's child, and that plaintiff continued to run and try to escape from the defendant and from said blows, and that defendant continued to pursue the plaintiff on and along said public road or turnpike for a distance of between forty and fifty yards, and continued to strike plaintiff other and repeated blows in the same manner with said first blow, as rapidly as plaintiff could draw back said stick or pole and repeat said blows on and up the said back, shoulder and head of the plaintiff, until the plaintiff reached the gate leading into his said stable and immediately adjacent to plaintiff's dwelling house, if the jury so find, and until the plaintiff's wife opened said gate and the plaintiff escaped and passed into the same, if the jury so find; and if the jury shall further find, that the plaintiff's wife and daughter witnessed the said assault and beating of plaintiff from the beginning to the end thereof, and that the defendant knew that they did or could witness the same from the position which they occupied, if the jury so find; and shall further find, that said assault

and beating took place in the Village of Finksburg, and that said road or turnpike before mentioned, constituted and was the street of said village, if the jury so find, and that the said assault and beating was witnessed by several of the residents of said village, and amongst others by George Whittle and William H. Baxter, witnesses in the case, if the jury so find ; and shall further find, that after said beating by defendant, the head of plaintiff was found to be cut in three several places, and large quantities of blood flowed therefrom, if the jury so find, and that said cuts or any of them were inflicted by said blows so struck by defendant, if the jury so find, and also that the back and back part of said left shoulder of plaintiff were much bruised, and had on them large welts and bruises, all black and blue color, if the jury so find ; and shall further find that said bruises and welts were caused by and resulted from the said blows inflicted by defendant; and shall further find that plaintiff was disabled for five, six or seven days by said beating, from pursuing his ordinary avocations, the plaintiff is entitled to a verdict in this case.

2. That if the jury find the facts set forth in the foregoing prayer, they are at liberty in fixing the amount of damages to be given by their verdict, to take into consideration all the facts and circumstances in said first prayer mentioned, if the jury find the same, and also the insulting conduct of the defendant in inflicting said assault and beating, if the jury so find, the outraged feelings of the plaintiff, the mental agony suffered by the plaintiff, if the jury so find, the plaintiff's age, rank and condition in life, and all the circumstances attending said assault and beating, if the jury so find, and to award by their verdict such exemplary damages as the circumstances of the case in the judgment of the jury require.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Wm. P. Maulsby,* for appellant.

*J. E. Smith* and *W. A. McKellip,* for appellee.

ALVEY, J., delivered the opinion of the Court.

This is an action of trespass for an assault and battery. The defendant pleaded three pleas : 1st. That he did not commit the wrong alleged ; and 2nd and 3rd. That the assault and battery complained of were committed in defence of his daughters.

As to the second and third pleas, all questions raised thereon may be laid out of the case, as the Court below, in granting the third and fourth prayers of the plaintiff, instructed the jury that there was no sufficient evidence before them to maintain either of said pleas, and as the present appeal is taken by the plaintiff, the question as to the propriety of granting those prayers is not presented here. Hence the fifth and sixth prayers of the plaintiff, in relation to the evidence that should *not* be considered under the second and third pleas, became immaterial, and were, therefore, properly rejected. All other questions, so far as the pleadings may be involved, must be considered as raised under the plea of not guilty of the wrong alleged.

The plaintiff gave evidence of the trespass complained of, and the circumstances under which it was committed by the defendant ;. and then proposed to ask the witness (his wife) " if the defendant had not, in the years 1873, and 1874, committed several assaults upon the plaintiff, or threatened plaintiff with assaults.'' This question being objected to by the defendant, the plaintiff's counsel stated that the object of the proof was to show hostile feelings on the part of the defendant to the plaintiff at the time of the trespass, which occurred on the 30th of June, 1875. The Court sustained the defendant's objection, and that ruling is the subject of the plaintiff's first exception.

We think the ruling of the Court was correct. The *animus* of the defendant at the time of the trespass was certainly material ; but the proof sought to be elicited was too remote to be reliable as evidence of the condition of defendant's mind at the time of the trespass committed.

Any acts or declarations, indicative of the existence of malice or ill-will on the part of the defendant towards the plaintiff at the time of the wrong done, and which may have prompted the act complained of, may be given in evidence to characterize the injury, and to aggravate the damages. But such proof of malice or ill-will must so nearly approximate the trespass as fairly to show the condition of the party's mind, and his real intention, at the time of the act done. *Shafer vs. Smith,* 7 *H. & J.,* 67 ; 2 *Greenl. Ev., sec.* 89. Here a year or two intervened between the acts or declarations proposed to be given in evidence and the trespass complained of, and, consequently, such acts and declarations, unless followed up by more recent and closely approximating evidence of malice, would furnish evidence too uncertain and inconclusive to be allowed to go to the jury for the purpose of enhancing the damages.

We also approve of the ruling of the Court below as stated in the plaintiff's second exception. The proof proffered by the defendant was clearly admissible, under general issue ; and it did not require that the defendant should avow in advance, upon demand of the plaintiff, the special purposes for which the proof was offered. The rule is well settled, that the defendant, in mitigation of damages, may give in evidence, under the general issue, a provocation by the plaintiff, provided it was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff. 2 *Greenl. Ev., sec.* 93 ; *Gaither vs. Blowers,* 11 *Md.,* 536. And for the same purpose, that is to say, to mitigate the damages, the defendant may, under the general issue, rely on any

part of the *res gestœ*, though, if pleaded, it would have amounted to a justification; and this "notwithstanding the general rule, that, whatever is to be shown in justification must be specially pleaded; for every thing which passed at the time is part of the transaction on which the plaintiff's action is founded, and therefore he could not be surprised by the evidence." 2 *Greenl. Ev., sec.* 93; *Bull., M. P.,* 17.

Where proof is offered *generally*, the party offering it is not required to declare the purposes specially for which it is offered; and it would be error to reject it if admissible for any purpose under the pleadings; but if it be offered for a *special* purpose only, and it be inadmissible for *that* purpose, it will be rejected, even though admissible for another purpose. But where evidence is offered for *several* purposes, as it was in this case, and it is admissible for any one of them, a general objection will not be sustained;— such an offer being regarded as a *general* offer, and therefore good. In such case, if it be apprehended that the jury may be mislead by evidence thus admitted, counsel may apply to the Court for an instruction as to the purpose for which it may or may not be considered, and thus prevent the evidence from being misapplied by the jury. *Pegg vs. Warford,* 7 *Md.,* 606; *Carroll vs. Ridgaway,* 8 *Md.,* 328. Here the defendant declared several purposes for which the evidence was offered, and it being clearly admissible for at least one of the purposes mentioned, that is, in mitigation of damages, the objection by the plaintiff was properly overruled, as to that; and as to the other purpose mentioned, the evidence admitted under the proffer became immaterial by the subsequent rulings and instruction of the Court.

The plaintiff's third and fourth exceptions were taken to the admission in evidence of certain declarations of the plaintiff's wife, in disparagement of the defendant, and which were made to the latter immediately after the

assault and battery committed. As declarations of a third party, made after the trespass committed, they were clearly inadmissible to reflect either upon the conduct of the plaintiff or that of the defendant. They in no manner tended to prove justification of the defendant's act, and could not in any manner mitigate the injury inflicted on the plaintiff. But they were admissible for one purpose, and that alone, and that was to show the feelings and prejudices under which the plaintiff's wife may have testified as a witness,—she having been cross-examined as to such declarations. The evidence was offered generally, and it was met by a general objection, and was sought to be excluded as inadmissible for any purpose. This general objection the Court was justified in overruling; but in doing so it would have been well to have defined the purpose for which the evidence was admissible.

The ruling of the Court below as contained in the plaintiff's fifth exception, we think was entirely correct. The motion of the plaintiff was to have all the evidence offered by the defendant, showing the circumstances immediately preceding, and which led to the assault and battery complained of, stricken out and rejected, upon the alleged ground that there was no sufficient proof to connect the preceding occurrences with the trespass sued for. The Court was clearly right in refusing this application, upon the principles we have stated in passing upon the second exception.

In rejecting the plaintiff's second prayer we think the Court below was in error. It is true the prayer might have been framed in a way to free it more clearly of the special objection taken to it; but as we read the prayer, it would seem to be based upon and have reference to all the circumstances attending the assault and battery, and it left the jury free to consider all the circumstances of the case; for, by its express terms, it proposed that the jury should be instructed that they were at liberty to find, not

Byers *vs.* Horner.

that they should find, such exemplary damages *as the circumstances of the case might in their judgment require.* Having in a previous prayer referred to enumerated a state of facts which, if found by the jury, entitled the plaintiff to recover, according to the opinion of the Court, the second prayer should have been granted in connection with the first, and as a dependent proposition.

There can be no doubt of the correctness of the legal proposition embodied in the prayer. The jury are not confined to the mere corporal injury which the plaintiff may have sustained. They are at liberty to consider the malice of the defendant, the insulting character of his conduct, the station in life of the several parties, and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may in their judgment require. 2 *Greenl. Ev.,* sec. 89. This was what the prayer proposed, and nothing more.

The fifth, sixth and eighth prayers of the plaintiff, which were refused by the Court below, are disposed of in what we have already said in a previous part of this opinion; and the tenth prayer we think was properly refused, for reasons heretofore stated. It sought to withdraw from the consideration of the jury all circumstances which had been admitted for the purpose of mitigating the damages. Whether the defendant acted in the *bona fide* belief that the plaintiff had assaulted his, the defendant's daughter, or whether he affected so to believe and made it a pretext and a mere occasion for the assault upon the plaintiff, were questions for the jury to decide from all the evidence before them.

And as to the third and fifth prayers of the defendant, we think, upon the principles already stated, they were properly granted. But because of the error in refusing to grant the plaintiff's second prayer, the judgment appealed from must be reversed, and a new trial ordered.

*Judgment reversed, and*
*a new trial awarded.*

(Decided 14th June, 1877.)