## WEST v. BENTLEY.

No. 6059.   Decided January 26, 1940.   (98 P. 2d 361.)

*Christenson, Straw & Christenson,* of Provo, for appellant.

*Robert Murray Stewart* and *Don Mack Dalton,* both of Salt Lake City, for respondent.

LARSON, Justice.

In the District Court of Iron County plaintiff recovered a judgment in the sum of $2,500 compensatory damages and $100 punitive damages for assault and battery. Defendant appeals, presenting four questions: (1) Claimed error in receiving in evidence testimony and exhibits relative to claimed prior financial dealings and relations between defendant and plaintiff's mother; (2) claimed error in ad-

mitting in evidence statements allegedly made by defendant relative to the L. D. S. Church and to religious matters; (3) claimed errors in instructions; and (4) is the judgment for actual damages excessive? We shall note them briefly in order.

(1) Plaintiff put in evidence over defendant's objection testimony tending to show that some eight years prior to the episode involved in this action plaintiff's mother, who was defendant's grandmother, had given defendant $3,000 with the understanding that defendant would pay interest thereon at $25 per month during the lifetime of the grandmother and the plaintiff. This was offered and received for the purpose of showing malice by defendant towards the plaintiff. That motive or malice may be shown in an action such as this is elemental. For such purpose prior occurrences, and both prior and subsequent declarations, acts and conduct may be shown and received in evidence if they are related to the assault, or tend to show or are indicative of a feeling of ill will, or to furnish a motive for the acts of which complaint is made. But here no showing was made that there was any connection or relationship between the financial transactions involved and the assault. Such transactions were not shown to be in the chain of circumstances which culminated in the assault. There was no showing of any trouble, dispute or arguments; any bitterness or ill feeling about such matters of past years, nor any disputations about such matters between the parties, or between defendant and any other person. That those transactions did not enter into the discussions and talk which culminated in the claimed assault and battery is evident from the testimony of plaintiff herself. She testified that until the morning of the assault defendant had been a good friend; that until that morning he always treated her kindly and had been quite good to her; and that the argument came up, not over any moneys due from defendant, but as to the way she spent the money she received; that he complained about her paying tithing to her church; that she did not get receipts

from the bishop; that he accused her of having men come up to the house; that she spent her money foolishly buying some things in excessive quantities; that he said he would not send her any more money if she spent it in those ways. She then started to go to the bishop's place to get a receipt for the money he was keeping for her, and defendant objected to her leaving the house, dragged her back into the house, and then the ruckus started. Nowhere in the record is there any conversation given or any connection shown between the transactions of defendant and his grandmother on the one hand and the assault and battery on the other. In fact, no such relationship is claimed. The argument simply amounts to this—that since defendant should pay plaintiff $25 per month during her lifetime, that is evidence to show malice and evil motive for beating her. Assuming that the indebtedness existed, that is no evidence of malice or motive for an assault, and since it was not woven into the quarrel or chain of circumstances leading up to the quarrel and assault its reception in evidence was error, and the refusal to strike the same was also error. *Byers* v. *Horner*, 47 Md. 23; Note, Ann. Cas. 1914A, 959. That such error was prejudicial we have no doubt after reading the record.

(2) Over defendant's objection plaintiff was permitted to put in evidence statements allegedly made by defendant at times prior to the assault, to other persons than plaintiff, derogatory in the extreme to the Mormon Church and to the Savior of the world. No attempt was made to establish any connection between such statements and the ■ assault, or between such statements and the plaintiff. They were not made to plaintiff or in her hearing and were in no way brought into the chain of circumstances that resulted in the assault. They were foreign to any issue in the case and could serve no purpose except to prejudice and antagonize the jury toward the defendant. The admission in evidence of such testimony was error and clearly prejudicial. *State* v. *Soloman*, 93 Utah 70, 71 P. 2d 104; *State* v. *De Jonge*, 152 Ore. 315, 51 P. 2d 674; *State* v. *Solomon*, 96 Utah 500, 87 P. 2d 807; *Byers* v. *Horner*, supra.

(3) A number of errors assigned relate to the instructions given. Without setting them out in detail, the instructions of which complaint is made covered the matters which the jury might consider in connection with damages, such as the probability of permanency of injuries, and the further declarations that the jury "might consider the acts, declarations, and conduct of the defendant, not only at the time of the alleged assault, but prior and subsequent thereto," without further limitation or qualifications. Under the record in this case, where all the evidence indicated there were not only no permanent injuries but no injuries of a serious nature, or hurtful nature; and with the evidence in the record, above held to have been improperly admitted, such instructions were too broad, too general, and beyond the issues and evidence, and are therefore disapproved.

(4) The assignment that the verdict as to actual damages is excessive is one for which much might be said. However, since the verdict fails on other grounds we need not enter into a discussion of this assignment. We have examined the other points raised by appellant and they are disposed of by what has been said in the discussion above. The cause is remanded to the District Court for a new trial. Costs to appellant.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.