297 P.2d 226

Ralph THOMPSON, Plaintiff and Respondent,

v.

Grant M. ALDRICH and Dale V. Bowles, Defendants and Appellants.

No. 8387.

Supreme Court of Utah.

May 22, 1956.

William J. Cayias, Salt Lake City, for appellants.

J. Royal Andreasen, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment awarding special, general and exemplary damages in a battery action. Affirmed, with costs to plaintiff.

■ Defendants assail the awards as being excessive and unwarranted by the evidence, and the findings as being unsupported by the evidence. As to the latter, the record supports the findings if the evidence most favorable to plaintiff is considered, as we are obliged to do.

■ As to the damages: The special damages awarded in the amount of $674.95 are supported by substantial evidence, and the $1,000 general damages seem reasonable under the circumstances of this case. Nor do we consider the $2,000 exemplary damages to be excessive, under the particular circumstances of this case. Evans v. Gaisford, Utah 1952, 247 P.2d 431, seems to be a complete answer to all of the contentions of the appellants here,—as to similarity of circumstances, similarity of ratio as to damages awarded, and as to controlling authorities which are cited therein.

As to the facts: Without detailing all of the circumstances, there is substantial evidence in the record, which, if believed, shows that one evening the defendants, both about six feet tall, one 26 years old, weighing 190 and the other 27 years old, weighing 160, both former athletes, after having consumed a not unsubstantial quantity of liquor, accosted plaintiff, a 5′ 5″ man 42 years old after he had alighted from his car. The defendants represented themselves as peace officers who were taking plaintiff into custody, one taking a position on one side of plaintiff, and the other on the opposite side. They marched plaintiff down the street when suddenly and without warning one administered a blow to the back of plaintiff's head, while the other punched him in the mouth, injuring two teeth. There was evidence that plaintiff thereafter took a terrific beating from defendants, whom he had never seen before, and who, after purchasing a bottle of liquor, came out of the store and punched him once more for good measure. The record further discloses that one of the assailants stepped on plaintiff's hand causing the thumbnail to come off, making it so difficult to ply his carpenter's trade that he lost his job,—as he did his girl friend because of the irritability engendered in him by the pummeling. A doctor testified that the rabbit punch well might have killed plaintiff, and could have caused the frequent headaches which plaintiff said he suffered even at trial time. Besides inflicting injuries to various parts and appendages of plaintiff's body, some of which resulted in scars, defendants took his money, so it was said. Much of the occurrence was witnessed by persons standing nearby, who called the police, who arrested defendants, who denied acquaintance with plaintiff, who continued to bleed.

Under the circumstances of this case, all of which have not been detailed, as stated before, it seems quite obvious to us that if the trial judge believed the evidence most favorable to plaintiff, his assessment of

damages was not unreasonable or excessive and certainly does not reflect passion or prejudice.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, J., concurs in the result.