379 P.2d 380

John G. POWERS, Plaintiff and Respondent,

v.

Marvin S. TAYLOR, Defendant and Appellant.

Emma STILLMAN, Plaintiff and Respondent,

v.

Marvin S. TAYLOR, Defendant and Appellant.

No. 9694.

Supreme Court of Utah.

March 6, 1963.

David H. Bybee, Spencer L. Haycock, Salt Lake City, for appellant.

Milton A. Oman, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs Stillman and Powers brought separate actions against the defendant for damages caused by the latter's horses trespassing upon their property; and for an injunction against its continuance. The cases were combined for trial and the jury found for the plaintiffs, awarding Mrs. Stillman $350 damages; and Powers $1,000 compensatory damages and $2,500 punitive damages. Powers consented to take a reduction of the punitive damages to $1,500 rather than a new trial.[1] Defendant appeals.

Defendant contends that the damages awarded are excessive; that no punitive damages are justified; and that the court allowed improper evidence relating thereto.

The defendant Taylor lives at 3679 Millcreek Road in the southeastern environs of Salt Lake City, and the plaintiffs live across the street. For a number of years Taylor has kept horses. At times they were allowed to run at large and trespass upon the property of the plaintiffs. Notwithstanding plaintiffs' protests and remonstrances this was allowed to continue over a period of several years. It was a constant source of annoyance to the plaintiffs and caused damages to their property, particularly to their lawns, flower gardens and shrubs, until they were obliged to bring these lawsuits for redress and to correct this condition.

■ Defendant advances the argument that because plaintiffs failed to present evidence of any definite amounts expended for restoration or repairs necessitated by the damages to their premises, no award of damages could be made. This position is

1. As to propriety of such an order, see Duffy v. Union Pac. R.R. Co., 118 Utah 82, 218 P.2d 1080.

not sound. While evidence of amounts so expended would be pertinent to show such damage, it is not essential that the repairs had been made and paid for as a condition precedent to a right of recovery for damages actually suffered. The evidence here amply justifies the finding that plaintiffs were damaged to the extent of the awards made. Defendant's attack in that regard is answered by the oft-repeated proposition that it is the jury's prerogative as the trier of the facts to assess the damages; and that because of its advantaged position in close proximity to the trial, the parties and the witnesses,[2] its findings thereon will not be disturbed so long as there is any reasonable basis in the evidence to support them.[3]

It is true that punitive damages are usually associated with other types of tortious injury. But under proper circumstances they may be allowed in cases of trespass.[4] Whether such damages are awardable is not dependent upon the classification of the wrongful act, nor upon the nature of the injury, but upon the manner and intent with which it is done. If the wrongful act by which one injures another is done wilfully and maliciously our law allows the imposition of punitive damages as a punishment to the defendant for such conduct and as a warning to him and others against it.[5] In view of the fact that the plaintiff's evidence showed that even after repeated warnings and remonstrances the defendant's wrong continually persisted with an indifference to the consequences and to plaintiff's rights, the trial court correctly submitted the issue to the jury as to whether his conduct was wilful and malicious and allowed the assessment of punitive damages.[6]

The defendant's complaint about evidence is that the trial court erred in admitting certain testimony relating to hostility which appears to have existed between defendant Taylor and plaintiff Powers for a number of years. More specifically, that evidence concerning an incident of claimed assault and battery by Taylor against Powers several years previously was so remote in time and unrelated to the present charge of trespass by the horses that it was irrelevant and improperly admitted; and had the effect of prejudicing the jury against Taylor and resulting in what he claims are excessive damages.

2. See statement in Nokes v. Continental Min. & Mil. Co., 6 Utah 2d 177, 308 P.2d 954.

3. Schneider v. Suhrmann, 8 Utah 2d 35, 327 P.2d 822.

4. Scarborough v. Beardmore, 52 Idaho 180, 12 P.2d 771, 25 C.J.S. Damages § 121, p. 718.

5. See Evans v. Gaisford, 122 Utah 156, 247 P.2d 431.

6. See D. L. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770, 151 A.L.R. 631.

 If the situation were as the defendant postulates: just a reaching back several years to an isolated incident to cast the defendant in a bad light and prejudice the jury, his contention would be correct. But that does not appear to be the situation. The incident referred to was part of the same trouble, that is, the alleged trespassing of defendant's horses upon the plaintiff's property. It was thus no such isolated incident but was an inquiry into the source of the trouble and the course of conduct which produced it. There is a point, of course, at which evidence of that character would be too remote and should be excluded. But how far back in time it may be pursued rests largely within the discretion of the trial court. However, where the testimony is otherwise relevant to the issue in controversy, remoteness is usually not a question of competency but of the weight to be given it.[7] Under the circumstances shown we find no error by the court in connection with the admission of the evidence referred to.

 The amount that justly and properly may be awarded as punitive damages is obviously difficult to evaluate in terms of money. This is also subject to the usual rule: that it should be left to the sound judgment of the jury. Of course, they cannot go completely unbridled to act upon whim or caprice or from passion or prejudice. The damages so assessed must appear to have some basis in reason in relation to the wrongful act, the manner and intent with which it was done, the injury inflicted and the actual damage suffered. From our survey of the evidence viewed in the light most favorable to the plaintiff, as it must be, and a comparison of punitive damages affirmed in other cases,[8] we see no reason for interfering with the appraisal made by the jury as modified and confirmed by the trial court.[9]

Judgment affirmed. Costs to plaintiffs (respondents).

HENRIOD, McDONOUGH, CALLISTER, and WADE, JJ., concur.

7. Cf. 20 Am.Jur. 322.
8. See Evans v. Gaisford, footnote 5 above, and cases referred to therein; see also 123 A.L.R. 1119; 16 A.L.R. 780, et seq.; 6 C.J.S. Assault and Battery § 55, pp. 901 and 902.
9. That the action of trial court adds some verity to the judgment, see Geary v. Cain, 69 Utah 340, 255 P. 418.