Nelson, by guardian *ad litem,* Respondent, vs. Snoyenbos, Appellant.

*January 13—February 3, 1914.*

*Appeal: Reversal: Errors, when prejudicial: Assault and battery: Excessive damag s: Mitigation: Evidence: Relevancy: New trial: Discretion.*

1. Where in the opinion both of the trial judge and of this court the damages found by the jury were much too large, this court, even when it cannot hold that the refusal to grant a new trial was an abuse of discretion, may reverse the judgment because of errors in the admission and exclusion of evidence bearing upon the amount of damages which might otherwise have been passed as nonprejudicial.

2. In an action for false imprisonment and assault and battery, where there was evidence on behalf of defendant tending to show that he caught the plaintiff stealing tobacco in his store and moderately "spanked" him, although plaintiff denied the theft and testified to a more serious assault, a ruling by which the jury were told that the question of larceny was "absolutely of no importance" in the case was erroneous because, though not a justification, the larceny, if proven, would have an important bearing in mitigation of damages both compensatory and punitory.

3. So, also, the exclusion of evidence offered to show that about two months after the affair in question plaintiff was found in a store and was taken by the sheriff to the county jail, was erroneous because such evidence bore directly on the probable degree of shame and humiliation which plaintiff suffered from defendant's conduct, and so affected the amount to be recovered.

4. Such errors having intervened at the trial, and the damages awarded being much too large in the opinion both of the trial judge and of this court, and there having been, on a motion for a new trial, a showing of newly discovered evidence to disprove the chief element of damage claimed by plaintiff, a new trial should have been granted; and the judgment for plaintiff is accordingly reversed.

Appeal from a judgment of the circuit court for St. Croix county: E. C. Higbee, Judge. *Reversed.*

For the appellant there was a brief by *McNally & Doar*

Nelson v. Snoyenbos, 155 Wis. 590.

and *E. B. Kinney,* and oral argument by *W. F. McNally* and *W. T. Doar.*

*H. H. Dean,* for the respondent.

TIMLIN, J. In this action for damages caused by false imprisonment and assault and battery the trial court directed a verdict in favor of the infant plaintiff for compensatory damages and submitted the question of punitory damages to the jury. The latter assessed against the defendant $1,000 compensatory damages and $170 punitory damages. In his memorandum decision denying a motion for a new trial the learned circuit court stated with reference to the compensatory damages:

"The amount is much larger than it seems to me should have been assessed, for I cannot feel that the defect in plaintiff's eyesight is attributable to any act of the defendant. Yet I think the jury had evidence before them to justify them in finding that it was, and it was their province to decide that question."

When the trial judge is so impressed by the evidence, a just exercise of his discretion would warrant him in reducing the amount of the recovery or granting a new trial. Yet reversible error cannot be predicated alone upon his failure so to do. It also appears to us that the amount of compensatory damages is much larger than should have been assessed by the jury. These two things must be taken to accentuate errors in the admission and exclusion of evidence bearing upon the amount of damages which otherwise might have been passed as nonprejudicial.

The defendant is the keeper of a country store at Hersey in this state and the plaintiff is a school boy thirteen years of age. The plaintiff offered evidence tending to show that on April 1, 1912, while he was in defendant's store and near the tobacco showcase, he was forcibly seized, publicly accused of the theft of tobacco, forcibly detained for a considerable

time, and assaulted and beaten with considerable violence, by defendant. This assault consisted of a number of slaps with the open hand on each side of the head and of raising the plaintiff up and forcibly bringing him down in a sitting position on a hard-bottom chair. There was also evidence on the part of the plaintiff tending to show that prior to the assault in question his eyesight was good and after the assault it was impaired. The defendant offered evidence tending to show that the plaintiff was engaged in stealing tobacco and that the assault, somewhat in the manner described by plaintiff, was not of a serious character, but very moderate. A qualified physician and oculist gave his opinion that the defect which he found in plaintiff's eyes was not caused by any such assault. The testimony of the teacher and the school register showed that the plaintiff attended school nineteen and one-half days during the twenty school days in the month of April and his credit marks in the various studies were as usual. He completed the work of the fourth grade and was promoted to the fifth grade May 31, 1912. A verdict was of course properly directed because the conduct of the defendant was in violation of law. But if the boy was caught stealing and moderately "spanked," as one of the witnesses describes it, the amount of damages awarded is grossly excessive, particularly if there was very little evidence that his impaired eyesight was due to the alleged assault. The learned circuit court instructed the jury that among the elements of compensatory damages are "pain and suffering, both physical and mental, the feeling of shame and humiliation which you are convinced by a fair preponderance of the evidence and to a reasonable certainty the plaintiff has sustained." On the question of punitory damages he instructed: "If you should be convinced by the evidence that the defendant in doing what he did was actuated by malice or bad motive, then you are at liberty to assess," etc. He thus instructed the jury in such a way that they were per-

mitted to increase the amount of damages by reason of the absence of the said elements of mitigation which he excluded. While the defendant was being examined by plaintiff's counsel as an adverse witness, an objection was made by defendant's counsel on the ground of immateriality to a question asking defendant what he did with the package of tobacco taken from the plaintiff. The learned circuit judge said in the presence and hearing of the jury:

"We are not going to try the question of larceny in this case or whether it was his tobacco or the boy's tobacco. It is absolutely of no importance. If the boy had stolen it, it didn't give him any right to arrest him, if that is a fact that he did."

The law on this subject is found in *Bergeron v. Peyton,* 106 Wis. 377, 82 N. W. 291. Under the circumstances in this case it would not constitute a justification for the arrest made, but it would have an important bearing in mitigation of damages both compensatory and punitory. So it did have something to do with the case, and it was necessary to try the question of larceny, and the expression was erroneous and prejudicial to appellant if heeded by the jury.

On cross-examination of the plaintiff objection was made by plaintiff's counsel to the following question: "When did you leave home?" The defendant then offered to show by such cross-examination that by reason of plaintiff having been found in a store about two months after the affair in question he was taken by the sheriff to the county jail and thence by the sheriff to New Richmond and placed with a family there. The offer was not very definite, but the cross-examination bore directly on the probable degree of shame and humiliation suffered by reason of the defendant's conduct and should have been allowed because it affected the amount to be recovered.

The testimony of the plaintiff to the effect that his eyesight was good prior to the battery but impaired thereafter

was given without any previous notice of such claim to the defendant by pleading or otherwise. It is opposed by the character of the defect and the testimony of the physician, and on a motion for a new trial on the minutes for error of the court and upon affidavits of newly discovered evidence the defendant produced the affidavit of one Annie Van Guilder in substance that the plaintiff had complained to her of defective eyesight and headaches prior to April 1, 1912. The motion for a new trial was denied.

Where the trial court was himself in doubt about the justice of the verdict on this question of damages, where these errors intervened at the trial, and where this new evidence was presented, a new trial should have been granted. The judgment must be reversed and the cause remanded for such new trial.

*By the Court.*—It is so ordered.