KARNEY, Respondent, vs. BOYD and others, Appellants.

*March 11—April 7, 1925.*

*False imprisonment: Ratification by chief of police: Liability:
    Good faith of officers: Evidence: Impeaching witness by civil
    judgment: Harmless error: Excessive damages.*

1. In an action against police officers for false imprisonment and
   assault and battery, the chief of police, who acquiesced in the
   unauthorized arrest of plaintiff and directed his retention,
   thus frustrating the efforts of plaintiff's wife to secure his
   release on bail, is *held* to have ratified the arrest.  p. 596.
2. Evidence of the good faith of the officers in making the un-
   authorized arrest is not competent to reduce the compensa-
   tory damages for false imprisonment, there being no claim
   to punitory damages.  p. 597.
3. A civil judgment against a witness does not impeach his credi-
   bility; and while the cross-examination of an officer, offered
   by defendants as a witness, as to a civil judgment obtained
   against him for assault and battery upon a prisoner is error,
   it is not prejudicial, there being no reason to believe it
   affected the result.  p. 598.
4. Where plaintiff was confined in the city jail for several days
   without bail, subjected to the "third degree," and severely
   beaten about the head, $50 compensatory damages and $300
   punitory damages are *held* not excessive for the assault and
   battery action.  p. 598.

APPEAL from a judgment of the circuit court for Mil-
waukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Af-
firmed.*

This is an action to recover damages for false imprison-
ment and assault and battery.  The defendants are police
officers of the city of West Allis.  The defendant *Minturn*
is chief of police.  On the evening of January 26, 1923, the
defendants *Boyd, Schalmo,* and *Kastello,* having received in-
formation that the plaintiff, *Kasimer Karney,* was running
a still for the manufacture of illicit liquor several miles from
the city of West Allis, sallied forth to accomplish his appre-
hension.  They finally located him in Waukesha county, took
him to the city jail in West Allis, locked him up, and gave

him the "third degree." *Karney* emerged from this experience with one or two black eyes, according to the testimony in his behalf. During the remainder of the night he experienced the stimulating effect attendant upon the occupancy of a cell subjected to sudden changes of temperature, from that of insufferably hot to that of extremely cold.

The next morning one of the police officers repaired to the office of the district attorney for the purpose of procuring a warrant. While there he discovered that *Karney* was in Waukesha county at the time they made his arrest. A prohibition officer of Milwaukee county was then advised of *Karney's* detention, and the prohibition officer requested that *Karney* be detained until Monday morning, when he would call for him and take him to Waukesha county. The defendant *Minturn,* chief of police, was informed of this request, and, pursuant to his instructions, *Karney* was detained until Monday morning, although *Karney's* wife, in the meantime, made efforts to secure bail for his release. The prohibition officer, on Monday, took *Karney* before a magistrate in Waukesha county, lodged a complaint against him for violation of the liquor laws, and, in due course, *Karney* was acquitted. He brought this action to recover his damages for the false imprisonment and assault and battery.

The case was tried before a jury. A general verdict was returned in favor of the plaintiff, the jury assessing damages for the false imprisonment at $1,000, and for the assault and battery $50 as compensatory damages and $300 as punitory damages. The court reduced the damages for false imprisonment from $1,000 to $400 and rendered judgment against all the defendants for $400 (for false imprisonment) and against the defendants *Boyd, Schalmo,* and *Kastello* for $350 (for the assault and battery). From this judgment defendants bring this appeal.

*Joseph E. Tierney,* attorney, and *George Hanley,* of counsel, both of Milwaukee, for the appellants.

For the respondent there was a brief by *L. A. Zavitovsky,*

attorney, and *Henry S. Sloan,* of counsel, both of Milwaukee, and oral argument by *Mr. Sloan.*

OWEN, J.    There can be no question of the invalidity of plaintiff's arrest.   He was arrested by police officers of the city of West Allis, without a warrant, not only without the confines of the city but beyond the boundaries of Milwaukee county.   He was not arrested for a felony, nor was he arrested for any offense committed in the presence of the officers nor within the confines of their jurisdiction, which, by sub. (13), sec. 62.09, Stats., is limited to the city of West Allis.   We do not understand that it is claimed by the appellants that the police officers had any authority to make the arrest in the manner they did, but error is assigned because the court did not grant a nonsuit as to the defendant *Minturn,* the chief of police.   True, he did not participate in the arrest, but, by the statute just cited, the chief of police has command of the police force of the city.   He ratified the act of the police officers not only by acquiescing in their arrest but in actively directing the retention of the plaintiff until Monday morning, when he was delivered into the custody of the prohibition officer, and by refusing his release upon the request of Mrs. Karney and in frustrating her efforts to secure his release on bail.   The court properly denied a nonsuit as to the defendant *Minturn.*

Error is also assigned because the court declined to receive evidence of facts and circumstances leading up to the arrest of the plaintiff.   The evidence so rejected related to the information or knowledge of the police officers with respect to the unlawful conduct of the defendant *Karney* and had a bearing upon their good faith in making the arrest.   The plaintiff made no claim to punitory damages upon the cause of action for false imprisonment, and the court held that the motives of the defendants in making the arrest could not be considered in mitigation of compensatory damages.   Appellants contend that such evidence is admissible in mitiga-

tion of actual damages, and in support of the contention cite *Schultz v. Frankfort M., A. & P. G. Ins. Co.* 151 Wis. 537, 139 N. W. 386; *Nelson v. Snoyenbos,* 155 Wis. 590, 145 N. W. 179; and *Bergeron v. Peyton,* 106 Wis. 377, 82 N. W. 291. The *Schultz Case* is not a case of false imprisonment at all, and the rule there announced has no application in false-imprisonment cases. It is true that in the other cases language is used which may be construed as indicating that evidence of this nature may be received in mitigation of actual damages in false-imprisonment cases. Such a rule would be difficult to support upon reason, and although the language to be found in the opinions in those cases is somewhat ambiguous, we are certain that the court did not intend to intimate that the motives prompting the illegal arrest have any bearing upon the actual damages resulting from such illegal conduct. It was definitely held in *Fenelon v. Butts,* 53 Wis. 344, 10 N. W. 501, that while proof of defendant's good faith is admissible to mitigate punitory damages in an action for false imprisonment, it cannot be considered to mitigate compensatory damages, including those allowed for injury to the feelings. This case has never been overruled, questioned, or doubted, and must be regarded as the settled law. In view of the fact that plaintiff made no claim for exemplary damages, the evidence offered to show the motives of the defendants in making the arrest was utterly immaterial and was properly excluded.

The appellants also assign the following incident which occurred during the trial as error: Busse, a fellow officer of the defendants, was sworn as a witness, and on cross-examination counsel for plaintiff sought to elicit from the witness the fact that a judgment had been obtained against him by reason of an assault and battery committed by him upon a prisoner. The record made in that effort is as follows:

"*Q.* Wasn't there a judgment rendered against you for beating up a prisoner?

"Mr. Tierney: Objected to as irrelevant and immaterial.

"The Court: Overruled. He may answer; but the jury will understand this is received merely for what bearing it may have as to the credibility of the witness.

"Mr. Tierney: This is a civil judgment that is referred to, if your honor please.

"The Court: Overruled. He may answer.. Received for the limited purpose indicated.

"*A.* It was not a prisoner.

"Mr. Zavitovsky: *Q.* Was there a judgment rendered against you for beating some one up?

"*Q.* Give me the name of the person who brought that suit against you.

"Mr. Tierney: Objected to as incompetent, irrelevant, and immaterial.

"The Court: Objection overruled.

"*A.* Frank Burras—

"The Court: We will strike out the previous answer that such a suit was brought by one Frank Burras, and the jury will disregard that."

We know of no authority for the proposition that a civil judgment rendered against a witness tends to impeach the credibility of the witness, and although it appears that the court eventually took that view by striking out the previous answer to the effect "that such a suit was brought by one Frank Burras" and directing the jury to disregard it, counsel's effort to bring such fact into the record should have been checked at the very beginning. It is claimed that the court directed the jury to disregard only one question, and the direction did not go to all of the questions propounded along that line. It is quite clear to us that the court intended that the jury should disregard all of the testimony bearing upon that subject, but, if the truth be otherwise, the incident cannot be regarded as prejudicial error. There is no reason to believe that the result would have been otherwise if the incident had not occurred.

.It is further contended that a new trial should have been granted because the damages for the assault and battery action are excessive. They appear to us to be fully supported

by the evidence.  We find no error in the record and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.