CROTTEAU, Respondent, v. KARLGAARD, Appellant.

*No. 186. Argued September 14, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 797.)

For the appellant there was a brief and oral argument by *Robert Zum Brunnen* of Spooner.

For the respondent there was a brief by *Cameron, Shervey & Weisel* of Rice Lake, and oral argument by *Robert O. Weisel.*

BEILFUSS, J. The sole issue is whether the trial court should have directed a verdict on the issue of liability.

The rule as to directing verdicts has recently been stated in *Zillmer v. Miglautsch* (1967), 35 Wis. 2d 691, 698, 699, 151 N. W. 2d 741, as follows:

"A case should be taken from the jury and a verdict directed against a party:

" ' ". . . only when the evidence gives rise to no dispute as to the material issues or only when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion." ' *Anderson v. Joint School Dist.* (1964), 24 Wis. (2d) 580, 583, 129 N. W. (2d) 545, 130 N. W. (2d) 105, citing *Smith v. Pabst* (1940), 233 Wis. 489, 288 N. W. 780, and *Rusch Sentinel-News Co.* (1933), 212 Wis. 530, 533, 250 N. W. 405.

"Also:

" ' 'A verdict ought to be directed if, taking into consideration all the facts and circumstances as they appear in evidence, there is but one inference or conclusion that can be reached by a reasonable man.' *Milwaukee v. Bichel, ante,* p. 66, 150 N. W. (2d) 419."

The defendant Karlgaard does not dispute the fact that he struck and injured the plaintiff. He does contend that he acted in self-defense so as to justify his actions and

that evidence of self-defense was sufficient to permit the matter to go to the jury.

Self-defense has been defined in Wis J I—Civil, Part II, 2006, which we believe to be an accurate statement of the law, as follows:

"Self-defense is the right to defend one's person by the use of whatever force is reasonably necessary.

"If the defendant reasonably believed that his life was in danger or that he was likely to suffer bodily harm, then he had a right to defend himself (and stand his ground) in such a way and with such force as under all the circumstances he at the moment honestly believed was reasonably necessary to save his life or to protect himself from bodily harm.

"By reasonable belief is meant such belief as a person of ordinary intelligence and prudence who was in the position of defendant would have under the circumstances existing at the time of the alleged offense. In determining whether the particular force used by the defendant was reasonably necessary, you should consider the fact that the defendant had the right to act on appearances, the amount of force exerted by the defendant, the means or instrument by which it was applied, as well as the strength of the plaintiff and the defendant and their difference in age (and sex).

"The defendant who alleges that he acted in self-defense has the burden to satisfy you by the greater weight of the credible evidence to a reasonable certainty that he reasonably believed that any forceful act of his was necessary to prevent any impending injury."

In discussing the reasonableness of a defendant's belief in the alleged danger, 6 Am. Jur. 2d, *Assault and Battery*, p. 135, sec. 161, states:

"**Reasonableness of belief in danger; effect of mistake.**
"In a civil action for assault, the defendant's belief that the plaintiff intended to do him bodily harm cannot support a plea of self-defense unless it was such a belief as a reasonable person of average prudence would have entertained under similar circumstances. It is not necessary that the danger which gave rise to the belief actually existed; it is sufficient that the person resorting

to self-defense at the time involved reasonably believed in the existence of such a danger, and such reasonable belief is sufficient even where it is mistaken. In forming such reasonable belief a person may act upon appearances. In other words, it is sufficient that the danger was reasonably apparent."

Admittedly there was only one blow struck. There is no evidence that the plaintiff at any time struck at the defendant, nor is there any evidence to indicate he intended to strike the defendant. Before self-defense can be used as a justification for a civil assault and battery it must reasonably appear that the defendant was in danger of bodily harm.

At most the plaintiff's conduct toward the defendant constituted oral abuse, which is not sufficient to justify an assault and battery.

"In the absence of a statute providing otherwise, mere words or acts that do not amount to an assault, even when spoken or performed for the purpose of provoking an assault, are no defense to a civil action on the ground of assault, although such provocation may have a mitigating effect with regard to the damages to be imposed." 6 Am. Jur. 2d, *Assault and Battery,* pp. 128, 129, sec. 151.

In *Metzinger v. Perry* (1928), 197 Wis. 16, 20, 221 N. W. 418, this court said:

"The court charged the jury to the effect that if they found that plaintiff used abusive or insulting language toward Perry at the time of the striking, then such language might be considered in mitigation of plaintiff's compensatory damages. This was error, for such evidence would be proper for consideration only on the question of punitory damages. *Karney v. Boyd,* 186 Wis. 594, 597, 203 N. W. 371. This went only to the question of damages and is immaterial."

We are of the opinion that there is no evidence in the record which could give rise to a reasonable inference

that appellant acted in self-defense and that the evidence is sufficiently clear and convincing so as to reasonably permit but one conclusion. The trial court did not err in directing the verdict on the issue of liability.

*By the Court.*—Judgment affirmed.