HARTLAND CICERO MUTUAL INSURANCE COMPANY, a Wisconsin insurance corporation, Plaintiff-Appellant,

v.

Marshall W. ELMER, Defendant-Respondent,

Terry LEMBCKE, Defendant.

Court of Appeals

*No. 84-589. Submitted on briefs November 20, 1984.—Decided December 26, 1984.*
(Also reported in 363 N.W.2d 252.)

For the plaintiff-appellant, the cause was submitted on the briefs of *William A. Woodrow* of *Adams, Woodrow & Woodrow, S.C.,* of Neenah.

For the defendant-respondent, the cause was submitted on the brief of *Ruth J. Weber* of *Byrne, Bubolz & Weber,* of Appleton.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Hartland Cicero Mutual Insurance Company appeals from that part of a final judgment wherein the trial court ruled that the provisions in an insurance policy which exclude coverage for "all punitive damages" do not exclude coverage for statutory double damages under sec. 26.09, Stats.

The issue in this case is whether a homeowner's liability insurance policy covering "all sums which the insured shall become legally obligated to pay as compensatory damages because of bodily injury or property damage, excluding all punitive damages, caused by an occurrence to which this coverage applies" obligates the insurer to pay statutory double damages imposed upon the insured under sec. 26.09, Stats. Because we conclude that statutory double damages as provided for in sec. 26.09 are not equivalent to common-law punitive damages and that a reasonable person in the position of the insured would conclude that accidental acts were covered under the policy, we hold the provisions of the policy do not exclude coverage for statutory double damages. Accordingly, we affirm.

The facts in this case are undisputed. Hartland Cicero Mutual Insurance Company (Hartland) issued an insurance policy to Marshall W. Elmer. In September of 1982, Elmer allegedly trespassed on property owned by Terry and Karen Lembcke (Lembckes) and cut down over 200 trees on the Lembcke property. The Lembckes made a claim against Elmer and Hartland under Elmer's homeowner's liability policy. The Lembckes sought double damages pursuant to sec. 26.09, Stats.

Hartland commenced this action for declaratory judgment pursuant to sec. 806.04(2), Stats., requesting that the trial court determine whether Elmer's insurance policy provided coverage for double damages as provided under sec. 26.09, Stats. The complaint alleged that Elmer had cut down trees on property owned by the Lembckes "in the mistaken belief" that Elmer owned the property.

The trial court determined that Elmer did not intend to cut trees from the Lembckes' land but acted in the mistaken belief that he owned the land. Therefore, the trial court concluded there was no intentional act. The

trial court further concluded that Elmer's homeowner's policy provided coverage to him for the double damages imposed under sec. 26.09, Stats. It held that the language in the exclusion did not expressly and unambiguously deny coverage. Therefore, the trial court concluded that an ambiguity was created which it construed against the insurer.

The construction of words and clauses in an insurance policy is a question of law for the court. *Katze v. Randolph & Scott Mutual Fire Insurance Co.*, 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984). Appellate courts owe no deference to the trial court's resolution of issues of law. *Behnke v. Behnke*, 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981).

Hartland contends that statutory double damages as provided for in sec. 26.09, Stats., are punitive damages, not compensatory damages. Hartland claims that compensatory damages are intended only to make the injured party whole while punitive damages serve the purpose of penalizing the wrongdoer for obnoxious conduct. Hartland claims that since sec. 26.09 provides for damages beyond those considered to be compensatory, the damages are penal in nature and constitute punitive damages.

In *Cieslewicz v. Mutual Service Casualty Insurance Co.*, 84 Wis. 2d 91, 101–02, 267 N.W.2d 595, 600–01 (1978), the supreme court distinguished statutorily imposed multiple damages from common-law punitive damages. "The prerequisites for the imposition of statutory multiple damages are less stringent than those for the imposition of common law punitive damages." *Id.* at 99, 267 N.W.2d at 599.

First, differing levels of culpability are required to warrant the award of additional damages. *Id.* at 101, 267 N.W.2d at 600. The award of "[p]unitive damages rest[s] on allegations which, if proved, demonstrate a

particular kind of conduct on the part of the wrongdoer, which has variously been characterized in our cases as malicious conduct or willful or wanton conduct in reckless disregard of rights or interests." *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 267, 294 N.W.2d 437, 442 (1980). Punitive damages may be awarded where there is proof that the defendant's conduct was outrageous. *Id.* at 271, 294 N.W.2d at 444. The award of statutory double damages, however, does not involve a particular state of mind or outrageous character. *Cieslewicz* at 101–02, 267 N.W.2d at 600.

Second, the award of statutory multiple damages and punitive damages depends on different modes of assessment of damages. "The jury determines the amount of the punitive damages with the view to having the punitive damages accomplish their purposes, namely, punishment and deterrence." *Wangen* at 302, 294 N.W.2d at 458–59 (footnote omitted). Multiple damages, on the other hand, are assessed whenever the statutory requirements are met. *Cieslewicz* at 102, 267 N.W.2d at 600.

Last, there are differing methods of calculation of punitive damages as opposed to statutory multiple damages. In calculating common-law punitive damages, the wealth of the defendant must be considered whereas wealth has nothing to do with the calculation of statutory multiple damages. *Id.* at 102, 267 N.W.2d at 600–01.

In *Cieslewicz*, the supreme court determined that the distinctions between common-law punitive damages and statutory multiple damages require that the two forms of additional damages be treated separately. *Id.* at 103, 267 N.W.2d at 601. The court also held that insurance against statutory multiple damages is not contrary to public policy. *Id.*

Section 26.09, Stats., provides:

CIVIL LIABILITY FOR UNLAWFUL CUTTING, REMOVAL AND TRANSPORT. In addition to the

other penalties and costs, any person unlawfully cutting, removing or transporting raw forest products is liable to the owner or to the county holding a tax certificate, or to the board of commissioners of public lands holding a land contract certificate under ch. 24, to the land on which the unlawful cutting was done or from which it was removed, in a civil action, *for double the amount of damages suffered.* This section does not apply to the cutting, removal and transporting of timber for the emergency repair of a highway, fire lane or bridge upon or adjacent to the land. [Emphasis added.]

This section provides for only one rule of damages for all timber trespass regardless of mistake or bad faith. *See* Note, *Damages-Recovery of Double Damages for Conversion of Timber* 39 Marq. L. Rev. 64, 65 (1955). Proof of intent or willful trespass need not be shown. *Swedowski v. Westgor,* 14 Wis. 2d 47, 52–53, 109 N.W. 2d 549, 553 (1961). While we recognize that double damages as provided for in sec. 26.09, Stats., do retain elements of punishment and deterrence, we conclude that they are not equivalent to punitive damages. *See Cieslewicz* at 103, 267 N.W.2d at 601.[1]

Hartland next contends that the insurance policy language does not provide coverage for, and clearly excludes coverage for, statutory double damages. Hartland claims that the meaning of the policy language is not ambiguous since it provides that *all* punitive damages are excluded from coverage.

The objective in interpreting and construing an insurance policy is to ascertain the true intentions of the parties. *Kraemer Bros., Inc. v. United States Fire In-*

---

[1] We note that common-law punitive damages would not be recoverable in this case. Since it was alleged that Elmer's conduct arose from his "mistaken belief," the elements of malicious, willful or wanton conduct required for the recovery of punitive damages are clearly absent.

surance Co., 89 Wis. 2d 555, 562, 278 N.W.2d 857, 860 (1979). The words of an insurance contract are to be construed according to the principle that the test is not what the insurer intended the words to mean but what a reasonable person in the position of the insured would have understood the words to mean. *Garriguenc v. Love,* 67 Wis. 2d 130, 134–35, 226 N.W.2d 414, 417 (1975). Whether an ambiguity in an insurance policy exists depends on the meaning that the term or provision would have to a reasonable person of ordinary intelligence. *Herwig v. Emerson & Eggen,* 98 Wis. 2d 38, 40, 295 N.W.2d 201, 203 (Ct. App. 1980), *aff'd,* 101 Wis. 2d 170, 303 N.W.2d 669 (1981). An ambiguity exists when a word or phrase is reasonably susceptible to more than one construction. *Garriguenc* at 135, 226 N.W.2d at 417. We construe all provisions tending to limit liability most strongly against the insurer. *Wisconsin Builders, Inc. v. General Insurance Co. of America,* 65 Wis. 2d 91, 103, 221 N.W.2d 832, 838 (1974).

We conclude that the language contained in the exclusionary provision of the policy issued by Hartland is ambiguous for it does not expressly and unambiguously exclude coverage for statutory double damages under the terms of the policy. *See Cieslewicz* at 98, 267 N.W. 2d at 599. As the drafter of the policy, Hartland had the full opportunity to explain its terms and thus specifically exclude statutory double/multiple damages from coverage. A reasonable person in Elmer's position would have understood the insurance policy to cover any mistaken or accidental acts committed. In accordance with the canon of construction that requires exclusionary provisions to be construed most strongly against the insurer, we hold that the insurance policy does not exclude statutory double damages under sec. 26.09, Stats., from coverage.

*By the Court.*—Judgment affirmed.