Robin L. BERG, Jr., Plaintiff,

v.

James FALL, Defendant-Appellant,

STATE FARM INSURANCE COMPANY,†
Defendant-Respondent.

Court of Appeals

*No. 86–0246. Submitted on briefs November 12, 1986.—Decided March 10, 1987.*

(Also reported in 405 N.W.2d 701.)

† Petition to review denied.

For the defendant-appellant, James Fall, there were briefs submitted by *Thomas D. Bell* and *Lila M. Hambleton* of *Doar, Drill & Skow, S.C.* of New Richmond.

For the defendant-respondent, State Farm Insurance Company, there was a brief submitted by *Thomas R. Jacobson* and *Thomas J. Niemiec* of *Lommen, Nelson, Cole & Stageberg, P.A.* of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. James Fall appeals a summary declaratory judgment dismissing his insurer, State Farm Insurance Company, from an action commenced

by the plaintiff, Robin Berg. Berg's claim arose when Fall struck him in the face with his fist. Fall argues that because he acted in self-defense, State Farm's policy clause excluding liability coverage for bodily injury "expected or intended by the insured" does not apply to his conduct. The trial court held that the blow triggered the exclusion clause regardless of whether Fall intended primarily to defend himself or to injure Berg. Whether an exclusion of liability coverage for bodily injury "expected or intended by the insured" encompasses bodily injury caused by acts of self-defense is a question of first impression in Wisconsin. We note that other jurisdictions have answered the question differently.[1] We conclude that an insurance policy excluding liability coverage for intentionally caused bodily injury nonetheless covers privileged acts of self-defense.

Our standard in reviewing a summary judgment is the same as the trial court's. We therefore owe no deference to its determination. *See Messner v. Briggs & Stratton Corp.,* 120 Wis. 2d 127, 131, 353 N.W.2d 363, 365 (Ct. App. 1984). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.;* sec. 802.08(2), Stats. Because the record presents a genuine issue as to whether Fall acted in self-defense, and because we conclude that this factual question is

---

[1]*See* Annotation, *Acts in self-defense as within provision of liability insurance policy expressly excluding coverage for damage or injury intended or expected by insured,* 34 A.L.R. 4th 761 (1984).

material to the legal issue of insurance coverage, we reverse the trial court's judgment.

We first consider whether the record reveals a genuine issue of fact. On the night of the incident, Berg had been drinking and bowling at a Hudson bowling alley. There he met Fall, whom he knew from their mutual place of employment, a nearby grocery store. After leaving the bowling alley, the two walked to the grocery store where it was Fall's duty as a supervisor to collect and then deposit the store's daily receipts.

Berg claims that Fall taunted him as they walked toward the store. He further contends that he pinned Fall against the store in order to prevent a threatened attack, then backed away, keeping his hands at his side, repeating that he did not want to fight. Berg claimed that Fall then removed his jacket and attacked. Berg recalled seeing Fall's fist coming toward his face, then remembered nothing until he later regained consciousness on the ground.

As a result of the blow, Berg lost two front teeth and bumped his head. He required extensive dental work to replace the missing teeth. Fall cut his hand and received six stitches.

The depositions reveal that both men were in their early twenties. Berg stood six feet, four inches tall, and weighed about 265 pounds. Fall weighed 165 pounds and was five feet, ten inches tall.

Although the trial court concluded that whether Fall acted in self-defense was immaterial, it also apparently found that Fall did not act in self-defense. The record, however, supports competing inferences as to whether Fall acted in self-defense. While the characterization of the facts outlined above supports

the trial court's finding, we can just as reasonably reach the opposite conclusion given Fall's version.

According to Fall, Berg taunted and shoved him on the way to the store. He claims that Berg threw him against the store's outside wall and pinned him there, tearing his jacket and making threatening, unintelligible noises. Fall claims that he pushed Berg away, removed his torn jacket because it was impeding his efforts to defend himself, then after Berg swung at him, struck Berg in the face with his fist. Fall testified that he was certain that Berg would have followed him had he fled inside the store. His only alternative, he stated, would have been to crouch down and absorb whatever punishment he feared Berg would inflict.

The trial court rejected Fall's version. We review the same written evidence placed before the trial court. We would accord special deference to a finder of fact that observed the testimony and demeanor of witnesses. Such, however, was not the trial court's role in rendering its summary judgment. While the jury will be free to draw its own conclusions based on evidence presented at trial, we find nothing in the depositions to indicate that Berg's version is inherently more credible than Fall's. Accordingly, we conclude that the facts could also reasonably support a finding that the allegedly cornered Fall, six inches shorter and 100 pounds lighter than his claimed assailant, had been acting in self-defense when he struck Berg.

The remaining issue is simply stated: Does State Farm's exclusion apply to liability for bodily injury caused by a privileged act of self-defense? State Farm argues that because Fall intended to strike Berg, he intended the ensuing bodily injury regardless of his

primary motivation. Fall argues, however, that he did not act intending to cause bodily injury but, rather, acted intending only to prevent injury to himself. Under this argument, any bodily injury to Berg was incidental to Fall's act of self-defense. We conclude that a privileged act of self-defense is not excluded from coverage by State Farm's policy language.

The construction of an insurance policy is a question of law. Accordingly, we owe no special deference to the trial court's conclusions regarding coverage. *Hartland Cicero Mut. Ins. Co. v. Elmer,* 122 Wis. 2d 481, 484, 363 N.W.2d 252, 253–54 (Ct. App. 1984). We may not bind the insurer to an unbargained for risk by construing a clear policy beyond its plain meaning. *See Olguin v. Allstate Ins. Co.,* 71 Wis. 2d 160, 165, 237 N.W.2d 694, 697 (1976). However, an ambiguous policy must be construed against the insurer. *Id.* at 164, 237 N.W.2d at 696. Exclusion clauses especially are strictly construed against the insurer if they are of uncertain import. *Meiser v. Aetna Cas. and Sur. Co.,* 8 Wis. 2d 233, 238, 98 N.W.2d 919, 922 (1959).

State Farm's policy, excluding liability coverage for "bodily injury expected or intended by the insured," is not clear as to whether it covers bodily injury caused by privileged acts of self-defense. The test of an ambiguous term's meaning is not what the insurer intended to cover, but what a reasonable person in the insured's position would have understood to be covered. *Patrick v. Head of the Lakes Coop. Elec. Ass'n,* 98 Wis. 2d 66, 69, 295 N.W.2d 205, 207 (Ct. App. 1980).

Our supreme court has recognized that an insurance policy should not be interpreted to penalize a person who is innocent of wrongdoing. *See Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 488, 326 N.W.2d 727, 740 (1982). Moreover, Wisconsin law has long recognized that reasonable acts of self-defense are legally privileged, not wrongful. *Crotteau v. Karlgaard,* 48 Wis. 2d 245, 249, 179 N.W.2d 797, 799 (1970). An insured's reasonable belief as to policy coverage overcomes an insurer's attempt to avoid coverage by narrowly interpreting policy language. *See Cieslewicz v. Mut. Serv. Cas. Ins. Co.,* 84 Wis. 2d 91, 97–98, 267 N.W.2d 595, 598–99 (1978). Without specific contract language to the contrary, we cannot assume the insured intended to bargain away coverage for acting in a manner immune from any criminal or civil sanction. Accordingly, we conclude that a reasonable insured would not expect to be denied coverage under this policy for his or her exercise of a legal privilege, regardless of the intentional character of the privileged act.

Because of its ambiguity with respect to privileged acts of self-defense, we must construe State Farm's exclusion in Fall's favor. In so doing, however, we recognize that the policy excludes bodily injury resulting from unreasonable acts intended in self-defense. An actor is not privileged to use more force than is reasonably necessary to prevent another from inflicting harm upon the actor. *See Schulze v. Kleeber,* 10 Wis. 2d 540, 546, 103 N.W.2d 560, 564 (1960); Restatement (Second) of Torts, sec. 63 comment e (1965). An unprivileged infliction of bodily harm constitutes the intentional torts of assault and battery

121

and as such is clearly excluded by the policy language.[2]

Because its policy fails to exclude bodily injuries caused by privileged acts of self-defense, we determine that State Farm owes Fall a duty to defend. State Farm's liability coverage included, in addition to a promise to pay damages, a promise to provide a defense. Thus, State Farm's duty to defend exists independent of any liability for monetary damages. An insurer's duty to defend generally exists where a complaint alleges facts that, if proven, would result in liability. *Grieb v. Citizens Cas. Co.,* 33 Wis. 2d 552, 557, 148 N.W.2d 103, 106 (1967). Not surprisingly, Berg's complaint does not suggest that Fall acted in self-defense. However, we have determined that the facts on summary judgment support an inference of coverage. Although this coverage would not include monetary damages because privilege is a complete defense to assault and battery, the liability coverage does include the duty to defend. We believe the following to be useful in resolving an insurer's duty to defend in cases similar to the one before us:

> The insurer cannot safely assume that the limits of its duties to defend are fixed by the allegations a third party chooses to put into his complaint, since an insurer's duty is measured by the facts, particularly where the pleadings allege facts that are within an exception to a policy but

---

[2]The *Schulze* court expressed puzzlement at the parties' attempts to characterize excessive force as a negligent rather than intentional act. The court surmised that this characterization depended "perhaps [on] the type of insurance coverage available to defendants, or some similar consideration." *Schulze,* 10 Wis. 2d at 545, 103 N.W.2d at 564. We likewise reject any suggestion that the intentional torts of assault and battery are negligent acts.

the true facts are within, or potentially within, policy coverage and are known or are reasonably ascertainable by the insurer.

7C Appleman, Insurance Law and Practice, sec. 4683 at 56 (1979) [footnotes omitted].

Because the record shows facts sufficient to support an inference that Fall acted reasonably in self-defense, summary judgment was inappropriate and State Farm owes him a duty of defense.[3]

*By the Court.*—Judgment reversed.

---

[3]We note that if Fall prevails in his plea of self-defense, State Farm will owe no liability to Berg. Likewise, if the trier of fact finds that Fall went beyond his privilege and committed an intentional tort, State Farm will be excused from liability for damages by its exclusion clause. Because State Farm's practical indifference to the trial's outcome gives rise to a potential conflict of interest, consideration should be given to whether State Farm should reimburse Fall for the reasonable fees of independent counsel.