**In re William J. MARVIN and Jayne M. Marvin, Debtors.**

**William J. MARVIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 91–03439–JES. Adv. No. 91–0352.**

United States Bankruptcy Court, E.D. Wisconsin.

March 31, 1992.

Mark D. Alberg, Tomahawk, Wis., for plaintiff-debtors.

Matthew V. Richmond, Asst. U.S. Atty., Milwaukee, Wis., for U.S.

## DECISION

JAMES E. SHAPIRO, Bankruptcy
Judge.

The controversy at hand is whether the damages under Wis.Stat. § 26.09 (which provides for the recovery by a landowner of double damages against one who unlawfully cuts, removes and transports timber) are a "fine, penalty or forfeiture" within the meaning of § 523(a)(7) of the Bankruptcy Code.

This issue has been presented on cross motions for summary judgment and upon a stipulation of facts. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Before this bankruptcy petition was filed, the defendant, United States of America ("USA"), had commenced a civil suit in the United States District Court for the Eastern District of Wisconsin against William J. Marvin ("debtor") (Case No. 90–C–0895). In that suit, which is pending, the USA seeks damages resulting from the debtor's alleged timber trespasses in 1988 and 1989 upon land in Oconto County, Wisconsin, owned by the USA in trust for the Forest County Potawatomi Indian Community. The damages occurred as a result of the debtor's alleged cutting and removal of timber, with a claimed value at the time of cutting and removal of approximately $6,708.20. In its suit, the USA requests double damages of $13,416.40 as provided by Wis.Stat. § 26.09.[1]

The debtor's petition in bankruptcy under chapter 7 was filed on May 17, 1991. The § 523(c) deadline passed without the USA bringing a nondischargeability suit for its claimed damages under § 523(a)(6) based upon "willful and malicious injury to property of another entity." Approximate-ly three weeks after this deadline had passed, the debtor brought this adversary proceeding to determine the dischargeability of this debt.

The dispute brings into focus the interplay between Wis.Stat. § 26.09 and § 523(a)(7) of the Bankruptcy Code.[2] § 523(a)(7) is an exception to discharge involving debts arising out of fines, penalties and forfeitures and is not subject to the filing deadline imposed by § 523(c). If the double damages specified in Wis.Stat. § 26.09 are a "fine, penalty or forfeiture" within the meaning of § 523(a)(7), they are nondischargeable; if not, they are compensatory and dischargeable.

The USA seeks to persuade this court that the double damages under Wis.Stat. § 26.09 fall within § 523(a)(7) as a penalty. It argues that the statutory wording "in addition to the other penalties and costs" means that an additional penalty was created. If that quoted language merely read "in addition to other penalties," the USA's argument would be stronger. But, the statute reads "in addition to the other penalties *and costs*" (emphasis added). "Costs" do not necessarily qualify as a "fine, penalty or forfeiture." *See In re Tapper*, 123 B.R. 594, 605 (Bankr.N.D.Ill. 1991), where the court, after declaring a civil penalty nondischargeable, concluded that the resulting costs arising out of the Illinois Consumer Fraud Act were not a "fine, penalty or forfeiture" under § 523(a)(7). In short, the language "in addition to the other penalties and costs" does not provide clear guidance on whether double damages are in the nature of a penalty or are compensatory.

1. Wis.Stat. § 26.09 *Civil liability for unlawful cutting, removal and transport.* In addition to the other penalties and costs, any person unlawfully cutting, removing or transporting raw forest products is liable to the owner or to the county holding a tax certificate, or to the board of commissioners of public lands holding a land contract certificate under ch. 24, to the land on which the unlawful cutting was done or from which it was removed, in a civil action, for double the amount of damages suffered. This section does not apply to the cutting, removal and transporting of timber for the emergency repair of a highway, fire lane or bridge upon or adjacent to the land.

2. § 523. Exceptions to discharge.
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty. . . .

Although some courts have regarded statutory and multiple damage provisions as being in the nature of a penalty, other courts have declined to do so. 22 Am.Jur. 2d, Damages § 814 (1988). Wis.Stat. § 26.09 is not restricted to offenders whose conduct rises to the level of wanton, willful or reckless disregard of another party's rights. This civil statute covers all types of conduct, regardless of intent. It even includes actions by those who may have cut and removed timber by mistake. The pervasiveness of Wis.Stat. § 26.09 leads this court to conclude that its main purpose is compensatory. The Wisconsin Court of Appeals in *Hartland Cicero Mutual Insurance Company v. Elmer*, 122 Wis.2d 481, 363 N.W.2d 252 (Wis.Ct.App.1984), also reached that conclusion and stated:

This section provides for only one rule of damages for all timber trespass regardless of mistake or bad faith.... Proof of intent or willful trespass need not be shown.... While we recognize that double damages as provided for in sec. 26.09, Stats., do retain elements of punishment and deterrence, we conclude that they are not equivalent to punitive damages. (citations omitted)

122 Wis.2d at 486, 363 N.W.2d 252. *Hartland Cicero Mutual Insurance Company v. Elmer* is the most recent pronouncement on this issue in Wisconsin. In deciding what constitutes punitive damages and what constitutes compensatory damages, courts generally follow state law. *In re Criswell*, 52 B.R. 184, 204 (Bankr.E.D.Va. 1985).

For the sake of argument and notwithstanding *Hartland Cicero Mutual Insurance Company v. Elmer, supra*, even if Wis.Stat. § 26.09 is construed as a punitive damages statute, the result in this case remains the same. § 523(a)(7) speaks in terms of debt "for a fine, penalty or forfeiture" rather than a debt arising out of multiple or punitive damages. In *In re Manley*, 135 B.R. 137, 148 (Bankr.N.D.Okl. 1992), Judge Wilson astutely observed that in another section of the Bankruptcy Code—§ 726(a)(4) [3]—a clear distinction is made between a "fine, penalty or forfeiture" on the one hand and "multiple ... or punitive damages" on the other hand. He then reasoned as follows:

If the Code's terminology is consistent, § 523(a)(7) does not deal with punitive damages at all.

135 B.R. at 148.

What may be involved here is a creative, but futile, effort by the USA to avoid the consequences of its failure to timely commence a nondischargeability proceeding under § 523(a)(6) of the Bankruptcy Code based upon "willful and malicious injury to property of another entity." [4] § 523(a)(6) has been successfully utilized by landowners in other cases involving the unlawful cutting and removal of their timber. *See In re Glazer*, 25 B.R. 329 (Bankr. 9th Cir.1982); *In re Tanner*, 17 B.R. 201 (Bankr.W.D.Ky.1982). Because there are no stipulated facts with respect to the debtor's conduct, this court is unable to ascertain if the debtor's conduct was willful and malicious within the meaning of § 523(a)(6). The debtor's timing in commencing this adversary soon after the deadline for the USA to commence a nondischargeability complaint under § 523(a)(6) had expired suggests this may well have been the case. In any event, the USA finds itself in the difficult position of struggling to apply the facts of this case to § 523(a)(7). But, much like a person who wears a size 11 shoe and tries to squeeze into a size 6 shoe, it simply does not fit.

---

**3.** § 726. Distribution of property of the estate.

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim[.]

**4.** Under § 523(c), debts under § 523(a)(6) (unlike debts under § 523[a][7] ) are excluded from discharge only if the creditor brings a timely complaint to declare that debt nondischargeable within a specified period of time. In this case, the deadline for complaints under § 523(c) and pursuant to Rule 4007(c) F.R.B.P. was August 20, 1991.

It is a well recognized principle in bankruptcy law that exceptions to discharge are strictly construed against the objecting creditor and in favor of the debtor. This is based upon the strong policy of the Bankruptcy Code of providing a debtor with a "fresh start." *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). *See also 3 Collier on Bankruptcy* § 523.05 (15th ed. 1992). The damages provided in Wis.Stat. § 26.09 are not a "fine, penalty or forfeiture" within the meaning of § 523(a)(7) and are therefore discharged.

In view of this determination, the plaintiff's further argument that, even if the double damages in Wis.Stat. § 26.09 are a penalty, § 523(a)(7) does not apply because the penalty is not for the benefit of a governmental unit, is moot and need not be addressed. The plaintiff's motion for summary judgment is granted, and the defendant's motion for summary judgment is denied, both without costs.

This decision shall constitute this court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The debtor commenced his adversary proceeding on September 9, 1991 seeking a determination that his debt to the defendant for timber trespass be declared dischargeable. Cross motions for summary judgment were filed based upon a stipulation of facts. On this date, the court rendered its decision declaring the debt dischargeable. Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment is hereby granted and the defendant's motion for summary judgment is hereby denied, both without costs.