ESTATE OF James B. SUSTACHE,
by its Special Administrator, James Sustache
and Antoinette Sustache,
Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent,

Larry MATHEWS and Jeffrey W. Mathews,
Defendants-Appellants,†

Carrie A. ROMAN, Defendant.

Court of Appeals

*No. 2006AP939. Submitted on briefs January 11, 2007.
—Decided May 30, 2007.*

2007 WI App 144

(Also reported in 735 N.W.2d 186.)

† Petition to review granted 9/13/07.

714

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John V. O'Connor* of *O'Connor, Dumez, Alia & McTernan, S.C.* of Kenosha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Terry J. Booth,* of *Piper & Schmidt* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim JJ.

¶ 1. NETTESHEIM, J. This is an insurance duty-to-defend case. The usual mechanism for determining

whether an insurer owes a duty to defend is the "four corners" of the complaint. *Doyle v. Engelke*, 219 Wis. 2d 277, 284 and n.3, 580 N.W.2d 245 (1998). The question posed by this case is whether there is an exception to the four-corners rule where (1) a third party's complaint alleges an intentional act, (2) the insurance policy does not cover such acts, and (3) the insured affirmatively defends on grounds of self-defense.

¶ 2.   We hold that the most recent decisions from our supreme court have tacitly overruled court of appeals and supreme court opinions which recognized exceptions to the four-corners rule. Because the complaint in this case alleges an intentional act by the insured and because the insurance policy excludes such intentional acts from coverage, we hold that the trial court properly ruled at summary judgment that the insurer owed no duty to defend.

## FACTS AND PROCEDURAL HISTORY

¶ 3.   James B. Sustache, a teenager, was killed as the result of a punch thrown by Jeffrey W. Mathews, another teenager, during a physical altercation between the two during a party. Sustache's parents and his estate sued Jeffrey and his insurer, American Family Mutual Insurance Company. The amended complaint alleged that Jeffrey had committed an intentional battery against James and that Jeffrey's actions were willful, wanton and malicious warranting an award of punitive damages.[1] Jeffrey affirmatively defended on

---

[1] The plaintiffs' complaint also alleged that Jeffrey was negligent in failing to first inquire of James whether James was the person who had earlier called him on his cell phone baiting Jeffrey to fight the caller. However, the plaintiffs do not make

the grounds that he was exercising his right of self-defense when he delivered the fatal blow to James during the fight.

¶ 4. American Family moved for summary judgment, arguing that it had no duty to defend Jeffrey. As factual support, American Family relied on the allegations in the complaint that Jeffrey had acted intentionally, willfully, wantonly and maliciously and on the policy provision excluding such acts from coverage. As legal support, American Family cited to the four-corners rule, which holds that an insurer's duty to defend is measured solely from the allegations contained in the complaint, not extrinsic facts. *See Atlantic Mut. Ins. Co. v. Badger Med. Supply Co.*, 191 Wis. 2d 229, 236, 528 N.W.2d 486 (Ct. App. 1995).

¶ 5. Jeffrey resisted the motion, relying on *Berg v. Fall*, 138 Wis. 2d 115, 405 N.W.2d 701 (Ct. App. 1987), where, as in this case, the plaintiff alleged an intentional act by the insured and the insured defended on the basis of self-defense. The *Berg* court acknowledged the four-corners rule, but nonetheless held that in a

any separate argument as to how this claim might survive if we reject their argument that the trial court erred. We therefore do not further address this claim.

The complaint also alleged a claim for parental liability against Jeffrey's father pursuant to Wis. Stat. § 895.035 (2005–06) and a claim against the host of the party for illegally providing alcohol to a minor pursuant to Wis. Stat. § 125.07. However, neither of these defendants resisted American Family's motion for summary judgment and, based on their failure to respond, the trial court granted summary judgment to American Family as to these defendants. This ruling is not challenged on this appeal.

All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

self-defense situation, the intentional acts exclusion language was rendered ambiguous. *Id*. at 121–22. Construing the ambiguity against the insurer, the court held that the insurer had a duty to defend. *Id*. at 121–23.

¶ 6.   In a written decision, the trial court acknowledged the factual similarity of this case with *Berg*. But the court also noted that the supreme court had criticized *Berg* in *Doyle* and reaffirmed that the four-corners rule was the law in Wisconsin. *Doyle*, 219 Wis. 2d at 284 n.3. The court concluded that it was bound by the supreme court's holding in *Doyle*, and granted American Family's motion for summary judgment. The estate and James' parents appeal.

## DISCUSSION

¶ 7.   We review a decision on summary judgment using the same methodology as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Summary judgment is appropriate where the record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Where the facts are not in dispute, there remain only questions of law, which we review de novo. *Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶ 9, 293 Wis. 2d 123, 717 N.W.2d 258. Here, the facts relating to the duty to defend are not in dispute. Therefore, the issue is one of law and proper grist for summary judgment methodology.

¶ 8.   The legal issue is whether the four-corners rule is absolute or whether it is subject to the exception adopted by the *Berg* court when the insured defends

against an intentional act allegation on the basis of self-defense. However, *Berg* was not the first Wisconsin appellate court to recognize an exception to the four-corners rule. Twenty years earlier, the supreme court recognized exceptions to this rule in *Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 148 N.W.2d 103 (1967).

¶ 9.  In *Grieb*, a taxpayer suit alleged that Grieb, an architect, had engaged in a conspiracy with another to defraud Milwaukee county. *Id.* at 556. Grieb successfully defended the suit and then commenced an action against his insurer to recover his costs and fees. *Id.* at 554. The issue before the supreme court was whether Grieb's professional liability errors-and-omissions insurance policy covered the allegations in the taxpayer's complaint. *Id.* at 556. The policy covered Grieb's liability "arising out of any act of negligence, error, mistake or omission in rendering professional architectural services." *Id.* at 555. The insurer claimed it owed no coverage, and hence no duty to defend, on the basis of the policy exclusion for "dishonest, fraudulent, criminal or malicious acts or omissions and those of a knowingly wrongful nature intentionally committed." *Id.* at 556.

¶ 10.  The supreme court agreed with the insurer. The court said, "We think [the insurer's] duty to defend under its policy is not so broad as contended for by [the architect]." *Id.* In so holding, the court followed what is now known as the four-corners rule:   "It is the nature of the claim alleged against the insured which is controlling even though the suit may be groundless, false or fraudulent." *Id.* at 558.

¶ 11.  Although holding that the insurer owed no duty to defend under the four-corners rule, the supreme court noted certain exceptions to the rule:

> There are at least four exceptions to the general rule determining the extent of the insurer's duty to

719

> defend and generally the insurer who declines to defend does so at [its] peril. These and allied problems are extensively covered in Anno. Liability InsurerDuty to Defend, 50 A.L.R. (2d) 458.

*Grieb,* 33 Wis. 2d at 558. However, the supreme court's opinion did not go further to set out these exceptions or analyze them. We do so here, quoting a portion of the A.L.R. annotation cited by the court:

> [T]here are also a number of cases involving special situations not covered directly by the general rules . . . . These special situations exist particularly where there is a conflict of allegations and known facts, where the allegations are ambiguous or incomplete, where the allegations state facts partly within and partly outside the coverage of the policy, and finally where the allegations contain conclusions instead of statements of facts.

C.T. Drechsler, Annotation, *Allegations in Third Person's Action Against Insured as Determining Liability Insurer's Duty to Defend,* 50 A.L.R.2d 458, §3 (1956) (footnotes omitted).

¶ 12. That brings us to *Berg.* There, Berg sued Fall and his insurer alleging injury as the result of a physical altercation with Fall. *Berg,* 138 Wis. 2d at 117. Like Jeffrey in this case, Fall contended that because he acted in self-defense, the insurer's exclusion for intentional conduct did not bar coverage. *Id.* The court of appeals agreed, holding that "reasonable acts of self-defense are legally privileged, not wrongful." *Id.* at 121. The court further held that the exclusion language in the policy was ambiguous "with respect to privileged acts of self-defense." *Id.* As a result, the court construed the ambiguous language against the insurer and concluded that the insurer owed a duty to defend. *Id.* at 121–23.

¶ 13. Ironically, the *Berg* court cited to *Grieb* for the four-corners rule, *see Berg*, 138 Wis. 2d at 122, but not to *Grieb*'s reference to the exceptions to the rule. Instead, the *Berg* court looked to a well-known and respected insurance treatise:

> The insurer cannot safely assume that the limits of its duties to defend are fixed by the allegations a third party chooses to put into his complaint, since an insurer's duty is measured by the facts, particularly where the pleadings allege facts that are within an exception to a policy *but the true facts are within, or potentially within, policy coverage and are known or are reasonably ascertainable by the insurer.*
>
> 7C Appleman, Insurance Law and Practice, sec. 4683 at 56 (1979).

*Berg*, 138 Wis. 2d at 122–23 (emphasis added).

¶ 14. Shortly after *Berg*, a different district of the court of appeals issued its opinion in *Professional Office Buildings, Inc. v. Royal Indemnity Co.*, 145 Wis. 2d 573, 427 N.W.2d 427 (Ct. App. 1988). There, the trial court, relying on certain federal authority, went beyond the four corners of the complaint in holding that the insured owed a duty to defend. *Id.* at 580. The court of appeals disagreed with this approach, ruling that the four-corners rule was the law in Wisconsin regardless of how well reasoned the federal authority relied on by the trial court might be. *Id.* at 580–81. In support, the court of appeals cited to *Grieb*, but did not discuss or reference *Grieb*'s acknowledgement of the exceptions to the rule. Nor did the court address *Berg*.

¶ 15. That brings us to the supreme court's two post-*Berg* opinions in which the court significantly distanced itself from the *Berg* holding. In *Doyle*, the supreme court said:

[The insurer] would have this court adopt the language of the decade old court of appeals decision, *Berg v. Fall*, 138 Wis. 2d 115, 405 N.W.2d 701 (Ct. App. 1987), indicating that courts may be allowed to go beyond the four corners of a complaint when determining whether coverage exists. The language in *Berg* is, however, contrary to a. long line of cases in this state which indicate that courts are to make conclusions on coverage issues based solely on the allegations within the complaint. Accordingly, we reject [the insurers'] proffered frame of analysis and confine our analysis to the four corners of the complaint.

*Doyle*, 219 Wis. 2d at 284 n.3 (citations omitted). Later, in *Smith v. Katz*, 226 Wis. 2d 798, 815–16, 595 N.W.2d 345 (1999), the supreme court observed that *Doyle* had "pointedly rejected an invitation to go beyond the four corners of the complaint" and then quoted a potion of *Doyle* criticizing the *Berg* holding.

¶ 16. As *Doyle* and *Smith* demonstrate, the supreme court has distanced itself from *Berg* with language that clearly supports American Family's contention that *Berg* has, at least tacitly, been overruled. But it remains that the supreme court has not expressly overruled *Berg*. So, like the trial court, we are confronted on the one hand with *Berg*, a published opinion of the court of appeals which stands unreversed, thereby constituting binding precedent that we are not free to ignore or overrule. *See Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997). On the other hand, we are confronted with supreme court language that seriously calls into question the continuing vitality of *Berg*. We posed this dilemma to our supreme court in our prior certification of this case. The supreme court, however, rejected our certification by a four to three vote.

¶ 17. However, the dilemma in this case goes beyond the tension between *Doyle/Smith* and *Berg*. If we should hold that the supreme court has tacitly overruled *Berg*, it remains that *Grieb*, a supreme court opinion, is still on the books, and no court of appeals or supreme court opinion has ever called *Grieb* into question. So the issue before us implicates *Grieb* as well as *Berg*, a matter that we also noted in our certification.[2]

¶ 18. To further complicate the matter, the court of appeals decision in *Professional Office Buildings* holds that the four-corners rule is the proper framework for resolving a coverage determination no matter how well reasoned foreign authority to the contrary might be. *Professional Office Bldgs.*, 145 Wis. 2d at 580–81. As we have noted, *Professional Office Buildings* cites to *Grieb* for the four-corners rule, but does not discuss *Grieb*'s reference to the exceptions to the rule. Nor does *Professional Office Buildings* cite to the earlier decision in *Berg*. Thus, we have two court of appeals decisions that conflict on the question of whether the exceptions to the four-corners rule are recognized in Wisconsin. We also tendered this conflict to the supreme court in our certification.

---

[2] We have considered whether the supreme court's reference in *Grieb* to the exceptions to the four-corners rule might be dicta since, other than acknowledging the exceptions, the supreme court did not further recite the exceptions or elaborate on them. *Grieb v. Citizens Cas. Co.*, 33 Wis. 2d 552, 558, 148 N.W.2d 103 (1967). We, however, harbor a natural reluctance to label any language of the supreme court as dicta. Moreover, the appellant in *Grieb* was arguing that the coverage issue was "not confined to allegations of such acts in a third-party pleading." *Id.* at 556. Given that argument, it would seem that the supreme court's reference to the exceptions to the four-corners rule could hardly be labeled dicta.

¶ 19. With the supreme court having declined our certification, it falls to us to resolve the conflicts in the case law on these various levels. However, our resolution of these conflicts will be much briefer than our presentation of them. When decisions of the supreme court are in conflict, we follow the court's most recent pronouncement. *Kramer v. Board of Educ. of the Sch. Dist. of the Menomonie Area*, 2001 WI App 244, ¶ 20, 248 Wis. 2d 333, 635 N.W.2d 857; *Doepke-Kline v. LIRC*, 2005 WI App 209, ¶ 19, 287 Wis. 2d 337, 704 N.W.2d 605, *review denied*, 2006 WI 3, 286 Wis. 2d 663, 708 N.W.2d 694. Based on this rule, we must follow *Doyle* and *Smith*, and we therefore hold that those decisions have tacitly overruled the supreme court's recognition of the exceptions to the four-corners rule in *Grieb*. From that it logically follows that *Doyle* and *Smith* have also tacitly overruled *Berg*. In sum, the four-corners rule is the law in Wisconsin when measuring an insurer's duty to defend, and the rule knows no exceptions until the supreme court unequivocally holds otherwise.

¶ 20. That said, we think this issue warrants supreme court comment at some point in the future. While the four-corners rule probably produces the correct result in most cases, it is not beyond the pale to imagine a situation where the true facts of the event under inquiry call for coverage but the third party's complaint fails to reveal those facts. In that setting, it would seem that the insured should be entitled to a defense for which the insurer has been paid a premium. The four-corners rule shuts down that entitlement. On the other hand, there may be cases where the rule works to the detriment of the insurer. If the true facts known to the insured and insurer, but not alleged in the

complaint, reveal no basis for coverage, the insurer is nonetheless required to provide a defense. *See, e.g., Cook v. Ohio Cas. Ins. Co.*, 418 S.W.2d 712, 714 (Tex. Civ. App. 1967) (although not revealed by the plaintiff's complaint, the insured acknowledged that the car she was driving at the time of the accident was not covered by the policy). This was the concern addressed in the Appleman treatise and which lies at the heart of the *Berg* ruling. *See Berg*, 138 Wis. 2d at 122–23.

## CONCLUSION

¶ 21. *Doyle* and *Smith* hold that the four-corners rule represents the current state of the law in Wisconsin when measuring an insurer's duty to defend. As such, the supreme court has tacitly overruled *Grieb* and *Berg*. Since the four corners of the plaintiffs' complaint alleges an intentional act by Jeffrey and since the American Family policy excludes coverage for such an act, we uphold the trial court's grant of summary judgment to American Family.

*By the Court.*—Order affirmed.